UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>*Plaintiff,*<br><br>-against-<br><br>VERIZON WIRELESS,<br><br>*Defendant.* | CV<br><br>PETITON FOR REMOVAL |

**DEFENDANT'S PETITION FOR REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:

**PLEASE TAKE NOTICE** that Defendant, Cellco Partnership d/b/a Verizon Wireless, incorrectly sued as "Verizon Wireless" ("Defendant"), hereby removes the action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**I.      THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about March 28, 2019, plaintiff Yehuda Herskovic ("Plaintiff") filed a Complaint *in propria persona* in the State Court, entitled *Yehuda Herskovic v. Verizon Wireless*, Index No. 1251-2019. In the Complaint, Plaintiff alleges that Defendant failed to properly investigate his dispute concerning an unpaid telephone bill and reported negative credit information concerning his account to various Credit Reporting Agencies ("CRAs"). Based on these allegations, Plaintiff

requests that Defendant be ordered to remove the negative reporting from his credit files and pay him for damages he allegedly sustained when his credit was affected. *See* Complaint at Pages 4-5 ("... the relief I am seeking from Court is as follows ... erase this [sic] charges from collection on my credit report of all credit reporting agencies like Equifax [sic] Transunion [sic] Experian to remove the negative reporting.") Although Plaintiff does not expressly allege any cause of action in the Complaint, the allegations of his Complaint clearly fall under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The Summons and Complaint, as well as other papers served on Defendant are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

In general, a plaintiff cannot avoid removal to federal court by omitting necessary federal questions from his or her pleadings. *See Romano v. Kazacos*, 609 F.3d 512, 518-19 (2d Cir. 2010). Here, although Plaintiff characterizes his claims against Defendant as sounding in "contract," Plaintiff's entire Complaint is based on alleged credit reporting conduct by Defendant. The FCRA provides the exclusive remedy for alleged credit reporting violations. Indeed, the FCRA states, "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). The Second Circuit has held that the FCRA preempts all state law claims – statutory and common law – against furnishers of information to CRAs. *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011); *see also Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011); *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010).

Moreover, the "complete pre-emption" doctrine provides that, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted). Thus, although Plaintiff does not expressly allege a violation of the FCRA, the fact that his credit reporting claims are completely preempted by the FCRA provides this Court with subject matter jurisdiction over Plaintiff's claims. *Arnold v. Navient Sols., LLC*, 2018 WL 6671542, at *2–3 (N.D.N.Y. Dec. 19, 2018) (denying motion to remand on this exact basis).

Here, as in *Arnold v. Navient Sols., LLC,* Plaintiff's allegations concern Defendant's responsibilities as a furnisher of credit information under the FCRA, including both reporting accurate information and complying with obligations to investigate disputed debts. Therefore, as in *Arnold*, the FCRA preempts these claims, despite Plaintiff's failure to reference the FCRA and attempt to characterize this dispute as one sounding in "contract." Because this action arises under federal law (the FCRA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about March 28, 2019, Plaintiff filed this action in the State Court. Plaintiff mailed a copy of the Summons and Complaint to Defendant on or about May 16, 2019. A true and correct copy of the envelope with UPS tracking number information for the Summons and Complaint received by Defendant are attached as **Exhibit B** for the Court's reference. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had

notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The State Court is located within the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant respectfully removes this action from the State Court to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: New York, New York,
      June 6, 2019

Respectfully submitted,

Andrew P. Kates, Esq. (AK4164)
SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.
*Attorneys for Defendant*
**Cellco Partnership d/b/a Verizon Wireless,**
*incorrectly sued as* **"Verizon Wireless"**
850 Third Avenue, Suite 1100
New York, New York 10022
(212) 651-7500

To:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY 11211