SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

YEHUDA HERSKOVIC,

                *Plaintiff,*

-against-

VERIZON WIRELESS,

                *Defendant.*

Index No.: 1251-19

**NOTICE TO CLERK OF THE COURT REGARDING THE FILING OF REMOVAL OF LAWSUIT TO UNITED STATES DISTRICT COURT**

       **PLEASE TAKE NOTICE** that on June 6, 2019, Defendant, **Cellco Partnership d/b/a Verizon Wireless**, *incorrectly sued as* "Verizon," filed a Notice of Removal of this lawsuit, together with the supporting documents (as annexed hereto), removing the above-captioned action from the New York State Supreme Court, County of Kings, to the United States District Court for the Eastern District of New York under Civil Case No.: 7:19-cv-04644.

Dated: New York, New York
         June 6, 2019

                                              Yours etc.,

                                              Andrew P. Kates, Esq.
                                              SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.
                                              *Attorneys for Defendant*
                                              **Cellco Partnership d/b/a Verizon Wireless,**
                                              *incorrectly sued as* **"Verizon"**
                                              850 Third Avenue, Suite 1100
                                              New York, New York 10022
                                              (212) 651-7500

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY 11211

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>          *Plaintiff,*<br><br>  -against-<br><br>VERIZON WIRELESS,<br><br>          *Defendant.* | CV -<br><br>NOTICE OF REMOVAL |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

Defendant CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, incorrectly sued as "Verizon Wireless," by its attorneys, Segal McCambridge Singer & Mahoney, Ltd., files this Notice of Removal, to remove the above-entitled case from the New York State Supreme Court, Kings County ("State Court") to this Court, pursuant to 28 U.S.C. §1331, §1441(c), and §1446.

Dated: New York, New York
    June 6, 2019

                     Respectfully submitted,

                     Andrew P. Kates, Esq. (AK4164)
                     Segal, McCambridge, Singer & Mahoney, Ltd.
                     *Attorneys for Defendant*
                     **Cellco Partnership d/b/a Verizon Wireless,**
                     *incorrectly sued as* **"Verizon Wireless"**
                     850 Third Avenue, Suite 1100
                     New York, New York 10022
                     (212) 651-7500

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY 11211

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>        *Plaintiff,*<br><br>   -against-<br><br>VERIZON WIRELESS,<br><br>        *Defendant.* | CV<br><br><br>PETITON FOR REMOVAL |

### DEFENDANT'S PETITION FOR REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:

**PLEASE TAKE NOTICE** that Defendant, Cellco Partnership d/b/a Verizon Wireless, incorrectly sued as "Verizon Wireless" ("Defendant"), hereby removes the action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

  **I.  THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about March 28, 2019, plaintiff Yehuda Herskovic ("Plaintiff") filed a Complaint *in propria persona* in the State Court, entitled *Yehuda Herskovic v. Verizon Wireless*, Index No. 1251-2019. In the Complaint, Plaintiff alleges that Defendant failed to properly investigate his dispute concerning an unpaid telephone bill and reported negative credit information concerning his account to various Credit Reporting Agencies ("CRAs"). Based on these allegations, Plaintiff

requests that Defendant be ordered to remove the negative reporting from his credit files and pay him for damages he allegedly sustained when his credit was affected. *See* Complaint at Pages 4-5 (". . . the relief I am seeking from Court is as follows . . . erase this [sic] charges from collection on my credit report of all credit reporting agencies like Equifax [sic] Transunion [sic] Experian to remove the negative reporting.") Although Plaintiff does not expressly allege any cause of action in the Complaint, the allegations of his Complaint clearly fall under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The Summons and Complaint, as well as other papers served on Defendant are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

In general, a plaintiff cannot avoid removal to federal court by omitting necessary federal questions from his or her pleadings. *See Romano v. Kazacos*, 609 F.3d 512, 518-19 (2d Cir. 2010). Here, although Plaintiff characterizes his claims against Defendant as sounding in "contract," Plaintiff's entire Complaint is based on alleged credit reporting conduct by Defendant. The FCRA provides the exclusive remedy for alleged credit reporting violations. Indeed, the FCRA states, "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). The Second Circuit has held that the FCRA preempts all state law claims – statutory and common law – against furnishers of information to CRAs. *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011); *see also Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011); *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010).

2

Moreover, the "complete pre-emption" doctrine provides that, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted). Thus, although Plaintiff does not expressly allege a violation of the FCRA, the fact that his credit reporting claims are completely preempted by the FCRA provides this Court with subject matter jurisdiction over Plaintiff's claims. *Arnold v. Navient Sols., LLC*, 2018 WL 6671542, at *2–3 (N.D.N.Y. Dec. 19, 2018) (denying motion to remand on this exact basis).

Here, as in *Arnold v. Navient Sols., LLC,* Plaintiff's allegations concern Defendant's responsibilities as a furnisher of credit information under the FCRA, including both reporting accurate information and complying with obligations to investigate disputed debts. Therefore, as in *Arnold*, the FCRA preempts these claims, despite Plaintiff's failure to reference the FCRA and attempt to characterize this dispute as one sounding in "contract." Because this action arises under federal law (the FCRA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about March 28, 2019, Plaintiff filed this action in the State Court. Plaintiff mailed a copy of the Summons and Complaint to Defendant on or about May 16, 2019. A true and correct copy of the envelope with UPS tracking number information for the Summons and Complaint received by Defendant are attached as **Exhibit B** for the Court's reference. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had

notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The State Court is located within the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant respectfully removes this action from the State Court to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: New York, New York,
      June 6, 2019

                    Respectfully submitted,

                    Andrew P. Kates, Esq. (AK4164)
                    SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.
                    *Attorneys for Defendant*
                    **Cellco Partnership d/b/a Verizon Wireless,** *incorrectly sued as* **"Verizon Wireless"**
                    850 Third Avenue, Suite 1100
                    New York, New York 10022
                    (212) 651-7500

To:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY 11211

SUPREME COURT OF THE STATE OF NEW YORK,

County of ~~New York~~ KINGS

---

YEHUDA HERSKOVIC

Plaintiffs,

---against---

VERIZON WIRELESS

Defendants.

---

Summons

Index No. 1251-19

The summons was filed on [month, date, year]

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to appear in this action by serving a copy of your notice of appearance upon the undersigned within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete, if this summons is not personally delivered to you within the state of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Take notice that the object of this action and the relief sought is as follows:

*[With respect to each cause of action to be asserted (a) separately state and describe it in summary fashion, and (b) state the amount of monetary damages sought (unless this is an action for medical malpractice or against a municipality), or other relief to be sought]*. In case of your failure to appear, judgment will be taken against you by default for [state the monetary damages and/or other relief sought under all causes of action], together with costs and disbursements of this action.

The basis of the venue designated is [(plaintiff's residence or address) *or* (specify 2 other basis of venue under N.Y. C.P.L.R. Article 5, e.g., residence of the defendant, plaintiffs designation persuant to N.Y. C.P.L.R. 503(a), etc.)].

Dated, 03/26/2019 _____, New York

---

[1] Summons and notice.—*See* CPLR 305(b).

Notice in matrimonial actions.—*See* DRL § 232(a).

KINGS COUNTY CLERK RECEIVED 2019 MAR 28 PM 2:35

[*month, date, year*]

(*Print name*) YEHUDA HERSKOVIC

Attorney for Plaintiffs

Address: 225 ROSS STR BROOKLYN N.Y. 11211

Telephone Number: 347 731 8818

TO THE ABOVE NAMED DEFENDANTS:

TAKE NOTICE that this is an action for (*set forth nature of action*) personal injuries sustained by the plaintiff [*name of plaintiff*], caused by defendants' negligence; (*set forth relief sought*) the relief sought is recovery of money damages for plaintiff's injuries, pain and suffering, medical expenses, loss of present and future earnings, and for plaintiff's loss of services, companionship, support and consortium;[2] (*unless the action is for medical malpractice, set forth the sum of money for which judgment may be taken in case of default*) in case of your failure to appear, judgment may be taken against you for $[*amount*], with interest, from [*month, date, year*], together with the costs and disbursements of this action.[3]

Dated, 03 / 26 / 2019 _____, New York

[*month, date, year*]

_____,

(*Print name*)

Attorney for Plaintiffs

Address:

Telephone Number:

Bender's Forms for the Civil Practice
Copyright 2018, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

---

End of Document

---

[2] **Required specificity.**—*See* Weinstein, Korn, & Miller, New York Civil Practice—CPLR ¶ 305.12a.

[3] **Notice of amount.**—The figure appearing in the notice limits the amount the court may enter as judgement upon default. It does not, however, limit the amount that may be demanded in a complaint subsequently served. *See* Weinstein, Korn, & Miller, New York Civil Practice—CPLR ¶ 305.13.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ~~QUEENS~~ KINGS
-------------------------------------------------x



YEHUDA HERSKOVIC Plaintiff,

- against -

VERIZO WIRELESS

Defendant.
-------------------------------------------------x

Index No. 1251 /20 19

VERIFIED
**COMPLAINT**

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, YEHUDA HERSKOVIC , respectfully shows and alleges as follows:

ON THE DATE OF 12/27/2017 I WENT IN TO THE VERIZON WIRELESS STORE ON 100 WALL STR NEW YORK N.Y. 10005, AND MADE A CONTRACT FOR A HOME DEVICE TO HAVE PHONE SERVICE WITH THE NUMBER 718-387-4565 AND THE CONTRACT WAS FOR TWO YEARS, AFFTER ABOUT A MONTH I STARTED TO HAVE DIFICULTIES WITH THE SERVICE, PEAPLE ON THE OTHER END COLD NOT HEAR ME AND CALLS WERE DROPT IN MIDEL OF A CONVERSATION THEN I CALLD THE COMPANEY VERIZON WIRELESS AND THEY TRED TO FIX IT BUT IT WAS NOT HELPING TO MUCH IT KEPT ON AN ON AND I KEAP CALLING AN COMPLANING THEY STATED THAT NOTHING IS WRONG AND THE SAME PROBLEM WAS GOING ON AND ON I REALY GOT TIRED OF THE SITUATION, AND ON THE DATE OF DEC/10/2018 I SPOKE TO A COSTOMER SERVICE AND SHE TRANSFERD ME TO A SUPER VISOR AND TOLD THEM THAT I CANOT GO ON WITH THIS NO SERVICE AN DIFICULTIES I NEED PROPER SERVICE AND I ASKED

PERMISON TO CANCEL THE CONTRACT AND GO TO A OTHER PROVIDER AND COMPANEY WHO CAN GIVE ME PROPER SERVICE THE SUPERVISER AGREED WITH ME AND SAID SHE WILL WAVE THE DISSCONECTION FEE SO I WENT TO ANOTHER COMPANEY AT&T WITH THE SAME SERVICE AND SAME WIRELESS DEVICE FOR HOME SERVICE AND SWITCH THE SERVICE TO AT&T WIRELESS ATT THE END OF THE MONTH VERIZON WIRELESS SEND ME A FINAL BILL WITH A 176.00$ DISCONETION CHARGE FOR GOING TO A OTHER COMPANE WHO CAN GIVE ME SERVICE, I RIGHT AWAY CALLD VERIZON WIRELLES AND ASK WHAT IS THE 176$ DISCONECTION CHARGS I GOT PERMISION AN THE SUPERVISER PROMISD ME TO WAVE THE DISCONECTION CHARGE AND I WAS ON THE PHONE FOR A LONG TIME ARGUING WITH THE CUSTOMER SERVICE REPRESENTIVE THEN WITH THE SUPEVISER BUT BOTH REFUSD TO WAVE THE FEE THEY DNIED ME MY RIGHT TO HAVE PROPER SERVICE AND I VERIFIED ALL THE COMPLAIN'S I WAS MAKING AN THEY STILL DNIED ME AN KEPT SENDING BILL'S FOR ONLY THIS CHARGE ALL OTHER I WAS UP TO DATE PAID EVERITHING I OWED EXEPT THE DISCONECT CHARGE, THAN THE REAL NIGHTMARE STARTED, THEY SEND ME COLECTION LETTERS ONE AFTER THE OTHER AN CALLS OF COLECTION DIFERENT COMPANOY'S AN THEY PUT IT ON MY CREDIT REPORT AS A NEGATIVE RUNING MY CREDIT ONE LETTER FROM DIVERSIFIED CONSULTANTS, INC. PO BOX 551268 THEY CALLD ME HOME AN CELL DAY AFFTER DAY

AND I KEAP EXPLANING THAT I DO NOT OWE THIS MONEY AND THEY INSIST THAT I DO OWE THEM AND I ALSO CALLD VERIZON WIRELESS BUT THEY ALSO WERE NOT TO HELP OUT THE SITUATION THEN I APPLIED FOR CREDIT CARD FROM BARCLYS WICH I HAVE A CREDIT CARD AND OTAER THEY DENIED ME BECAUSE OF NEGATIVE INFORMATION ON MY CREDIT REPORT FROM EXPERIAN AN TRANSUNION THEY HARASO ME WITH THIS FRAUDELENT CHARGE SO LATE AS DEC/07/2018 THEY SEND ME A NEW COLECTION LETTER AN ALSO THEY PUT IT ON MY CREDIT REPORT, EVAN THEY ADMIT IN SMALL CLAIM COURT THEY REFUDED ME 698$ FOR BAD SERVICE, BUT THE 1764 THEY STILL HAVE IT ON MY CREDIT REPORT AN NOW ON 3/1/2019 I RECEIVE A NEW LETTER WITH A MORE GREETER CHARGE OF 341,83$ AS YOU CAN SEE ATACH COPY FROM DYNAMIC RECOVERY SOLUTIONS WITH ADRESS 135 INTERSTATE BLVD. GREENVILLE, SC 29615 THE HARASMENT DONT STOP I CANT GET NEW CREDIT CARD I LOST ABOUT 3000$ ON INSANTIVES THE HARASMEN IS GOING ON STILL TODAY THEIR IS NO END TO MY AGRAVASION FROM THIS FALSE AND FRAUDELENT CHARGE IS MY VORST NIGHTMARE CANT SLEEP AT NIGHT THIS IS CAUSING ME HEADACKES AN IN MIDEL OF THE NIGHT I WAKE UP THINKING OF THIS COLECTION LETERS I AM NERVES AND HAVE BAD DAYDREAMS FRIDAY DEC 7 2018 I SPOKE TO THE SUPERVISER OF COLLECTION DEP OF DIVERSIFIED

3

CONSALTANTS, INC WITH THE NAME PERALTA ANGELYN AN THEY STILL REFUSE TO REMOVE THE DAMAGING INFORMATION WICH IS FRAUDELONT AN FALSE EVEN AFTER REFUNDING THE WHOLE AMOUNT OF CHARGES FOR MONTLY SERVICE SO ON DEC 13 2018 I CALD VERIZON WIRELES THEY GAVE ME CONFLICKTING DATE WHEN MY SERVICE STATED AN WHEN IT ENDED ON CREDIT REPORT IT IS WRITEN DEC 1 2016 ANT THEY CLAIM VERIZON WIRELES SHE SAID JAN 07 2018 THEN THEY GAVE ME THE DATE DEC 21 2016 AND DEC 27 2017 ALSO REPREZENTITIVE COMFIRD THAT I CALD IN ON ALL THIS DATES JUNE 28 2017, SEP 10 2017, DEC 10 2017, OCT 30 2017, DEC 9 2017, DEC 10 2017, AND ON THIS DATE OF DEC 10 2017 I HAD A CONVERSATION WITH A SUPERVISER THAT I CANOT GO ON LIKE THIS ANY LONGER WITH THIS BAD SERVICE AN I AM SWITCHING CARIER BECAUSE OF PHONE DROPS CALLS AND PEAPLE ON OTHER END CANT HEAR ME AN SHE AGREED THAT I CAN GO TO A DIFRENT CARER SO ON DEC 27 2017 I WENT TO AT&T. SO NOW THE RELIEF I AM SEEKING FROM COURT IS AS FOLOWS
1) THAT VERIZON WIRELESS AND ALL THEIR COLECTION AGENCIES STOP THE HARASMENT AND AGRAVATING ME WITH THEIR COLOCTION AND EARASE THIS CHARGES FROM COLECTION ON MY CREDIT REPORT OF ALL CREDIT REPORTING

AGENCIES LIKE EQUIFAX TRANSUNION EXPERIAN TO REMOVE THE NEGATIVE REPORTING

2. 30,000$ FOR THE DAMAGES THAT DAY CAUSED TO ME WITH THEIR ACTION OF THIS FALSE AND FRAUDULENT CHARGES AN COLECTION ALL THIS TIME FROM DEC 27 2017 UNTIL TODAY THE COUR SHOOL ORDER TO REMOVE THE NEGATIVE COLECTION AND RPORTING AND A JUGMENT IN THE AMOUNT OF 30,000$ TO ~~YEHUDA HERS~~ BE GIVEN TO YEHUDA HERSKOVIC

Dated: 3/26/2019

_____YEHUDA HERSKOVIC_____
Plaintiff

## VERIFICATION

YEHUDA HERSKOVIC, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Signature

YEHUDA HERSKOVIC
Print Name

Sworn to before me this
26 day of MARCH 2019

CHAIM FELSTEIN
Notary Public
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE6075699
Qualified in Kings County
My Commission Expires 06-30-2019

5

Note: Strike *italicized* wording which does not apply.

## VERIFICATION

STATE OF NEW YORK)

COUNTY OF KINGS  )    ss.:

__YEHUDA HERSKOVIC__ (your name), being duly sworn, deposes and says:

That I am the (*plaintiff*) / *petitioner* / *defendant* / *respondent* in this *action* / *proceeding*. That I have read the foregoing _____ and know the contents thereof; that the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

_____
(Plaintiff) / Petitioner / Defendant / Respondent
(Sign your name before a Notary Public)

__YEHUDA HERSKOVIC__
(Print Name)

Sworn before me this __26__ day of __MARCH__, 20__19__.

_____
Notary Public

CHAIM PERLSTEIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE5075699
Qualified in Kings County
My Commission Expires 05-30-2019

KOSR 02/17

YEHUDA HERSKOVIC
303 MARCY AVE 2A
Block

```
YEHUDA HERSKOVIC
7185996245                    1 LBS              1 OF 1
320 ROEBLING ST
BROOKLYN  NY 11211            DWT: 12,9,1

SHIP TO:
    VERIZON
    8004515242
    ATT; VSAT VERIZON SECURITY ASSISTAN
    180 WASHINGTON VALLEY RD
    BEDMINSTER   NJ 07921-2120
```

NJ 078 9-71



UPS GROUND
TRACKING #: 1Z AR6 071 03 2318 3314



BILLING: P/P

Trx Ref No.: PM PKG ID 11742
Trx Ref No.: FROM YEHUDA HERSKOVIC
   XOL 19.04.02           NV45 12.0A 04/2019

VSAT NJ
MAY 16 2019
By: _____

ATT; VSAT VERIZON SECURITY ASSI
180 WASHINGTON VALLEY RD
BEDMINSTER NJ 07921
P:BLACK    S: RIGHT    I:671
671 - 6920
1ZAR0071032318   3314
NJIPZ5   C-BJNB   MAY 16 08:46:06 2019

SECURITY 07921
by hand
SECURITY ASSISTANT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>　　　　　　　　　　　*Plaintiff,*<br><br>　　　-against-<br><br>VERIZON WIRELESS,<br><br>　　　　　　　　　　　*Defendant.* | 1:19-cv-03372<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK　)
　　　　　　　　　　) ss.:
COUNTY OF NEW YORK )

　　I, ANDREW P. KATES, being duly sworn, deposes and says:

　　1. That I am an Associate at the firm of Segal McCambridge Singer & Mahoney, Ltd.

　　2. That on June 6, 2019 I served a true copy of the following file-stamped documents:

- Notice of Removal;
- Civil Cover Sheet; and
- Petition for Removal (with exhibits).

by depositing it endorsed in a postpaid properly addressed wrapper, in an official postal depository at 850 Third Avenue, Suite 1100, New York, New York 10022 under the exclusive care and custody of Federal Express within the State of New York, addressed to

Yehuda Herskovic
303 Marcy Ave.
Brooklyn, NY 11211

Sworn to before me this
June 6, 2019

_____　　　　　　　　　　　_____
NOTARY PUBLIC　　　　　　　　　　　　　　　　　　　Andrew P. Kates

HOWARD A. FRIED
Notary Public, State of New York
No. 02FR5020831
Qualified in Queens County
Commission Expires January 8, 2024

850 Third Avenue | Suite 1100 | New York, NY 10022 | T: (212) 651.7500 | F: (212) 651.7499

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>         *Plaintiff,*<br><br>   -against-<br><br>VERIZON WIRELESS,<br><br>         *Defendant.* | 1:19-cv-03372<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK )
          ) ss.:
COUNTY OF NEW YORK )

I, Pearson Hoak, being duly sworn, deposes and says:

1. That I am a Legal Assistant at the firm of Segal McCambridge Singer & Mahoney, Ltd.

2. That on June 10, 2019 I served a true copy of the following file-stamped documents:

- Notice to Clerk;
- Notice of Removal;
- Civil Cover Sheet; and
- Petition for Removal (with exhibits).

by depositing it endorsed in a postpaid properly addressed wrapper, in an official postal depository at 850 Third Avenue, Suite 1100, New York, New York 10022 under the exclusive care and custody of U.S. Mail within the State of New York, addressed to

Yehuda Herskovic
303 Marcy Ave.
Brooklyn, NY 11211

Sworn to before me this
June 10, 2019

NOTARY PUBLIC

Pearson Hoak

DI YING
NOTARY PUBLIC-STATE OF NEW YORK
No. 01YI6329552
Qualified in Queens County
My Commission Expires August 24, 2019

850 Third Avenue | Suite 1100 | New York, NY 10022 | T: (212) 651.7500 | F: (212) 651.7499