UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>        *Plaintiff,*<br><br>  -against-<br><br>VERIZON WIRELESS,<br><br>        *Defendant.* | Case No.: 1:2019-cv-03372<br><br>**ANSWER OF DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, INCORRECTLY SUED AS "VERIZON WIRELESS" TO PLAINTIFF'S COMPLAINT** |

  Defendant, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, incorrectly sued as "Verizon Wireless" ("Defendant"), hereby answers the Complaint ("Complaint") of *Pro Se* Plaintiff Yehuda Herskovic ("Plaintiff"), for itself only, as follows:

  1.  Answering Paragraph 1 of the Complaint,[1] Defendant denies violating any statute or common law. Except as expressly stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

  2.  Answering Paragraph 2 of the Complaint, Defendant denies violating any statute or common law. Except as expressly stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

  3.  Answering Paragraph 3 of the Complaint, Defendant denies violating any statute or common law. Except as expressly stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

---

[1] Because Plaintiff has filed a New York state court form complaint, and has not grouped the allegations into paragraphs, or even into formal sentences, Defendant will deny the allegations as they appear on each page – i.e. Page 1 = Paragraph 1, etc.

4. Answering Paragraph 4 of the Complaint, Defendant denies violating any statute or common law. Defendant further denies that Plaintiff is entitled to the relief requested, or any other relief whatsoever. Except as expressly stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

5. Answering the request for relief on Pages 4 and 5 of the Complaint, Defendant denies violating any statute or common law. Defendant further denies that Plaintiff is entitled to the relief request, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant reserves the right to compel contractual arbitration.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. To the extent that Plaintiff attempts to plead any common law claims, such as breach of contract, which arise from alleged credit reporting by Defendant, such claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681. *et seq.*, ("FCRA").

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

## EIGHTH AFFIRMATIVE DEFENSE

8. Defendant's conduct was privileged or justified.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, including Plaintiff, and not by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims may be barred because Defendant conducted a reasonable investigation concerning the credit reporting at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Defendant specifically gives notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant prays for judgment as follows:

1. Dismissing the Plaintiff's Compliant in its entirety;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 13, 2019

Respectfully submitted,

Andrew P. Kates, Esq. (AK4164)
SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.
*Attorneys for Defendant*
**Cellco Partnership d/b/a Verizon Wireless,** *incorrectly sued as* **"Verizon Wireless"**
850 Third Avenue, Suite 1100
New York, New York 10022
(212) 651-7500

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY 11211