UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>        *Plaintiff,*<br><br>   -against-<br><br>VERIZON WIRELESS,<br><br>        *Defendant.* | Case No.: 1:19-cv-03372<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL CONTRACTUAL ARBITRATION AND STAY ACTION BY DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS** |

  Plaintiff, Yehuda Herskovic ("Plaintiff") has filed an opposition brief that is difficult to follow, but does not dispute the facts or law underlying the Motion to Compel Contractual Arbitration and Stay Action ("Motion") brought by Defendant, Cellco Partnership d/b/a Verizon Wireless, erroneously sued as "Verizon Wireless" ("Verizon Wireless" or "Defendant"). Most importantly, Plaintiff admits that he purchased a wireless device "from Verizon Wireless" and "had [the service] for around 15 [sic] to sixteen month [sic]." See Plaintiff's Opposition dated August 13, 2019 ("Opp.") at p. 1.

  As set forth in the Motion, at the point of sale, Plaintiff signed a sales receipt, in which he expressly agreed to the terms of the Customer Agreement, which contains a broad Arbitration Provision. Declaration of Daniel Reed ("Reed Decl."), Ex. A at p. 2 ("I AGREE TO THE CURRENT VERIZON WIRELESS CUSTOMER AGREEMENT [. . . .]"). By signing the Customer Receipt at the point of sale, Plaintiff agreed to the terms of the Customer Agreement, including the Arbitration Provision. *Id.* at ¶ 5, Ex. A, p. 1. Further, by activating and using his wireless service, Plaintiff again agreed to the terms of the Customer Agreement, including the Arbitration Provision. *Id.* at ¶ 6, Ex. B, p. 1 (bolded text in original). The activation letter sent to Plaintiff also referenced and enclosed a copy of the Customer Agreement. *Id.* at ¶ 7 and Ex. C.

Plaintiff does not dispute any of these facts, although he does appear to suggest that he is not bound by the Arbitration Provision because (1) he purchased additional Verizon Wireless equipment at a different store, on different dates (Opp. at p. 4), (2) he terminated his service with Verizon Wireless; and (3) he previously entered informal negotiations with Verizon Wireless (Opp. at pp. 2-3). However, Plaintiff's agreement to arbitrate all disputes with Verizon Wireless survives the termination of his Verizon Wireless services, and is unaffected by either the informal negotiations or his purchase of additional equipment. *See, e.g., Eisen v. Venulum Ltd.*, 244 F. Supp. 3d 324, 333–34 (W.D.N.Y. 2017) ("a broad arbitration clause in an agreement survives and remains enforceable for the resolution of disputes arising out of that agreement subsequent to the termination thereof and the discharge of obligations thereunder"). The Arbitration Provision at issue here broadly governs "any dispute that in any way relates to or arises out of this agreement or from any equipment, products and services you receive from [Verizon Wireless]." Thus, the Arbitration Provision extends to all equipment Plaintiff purchased and encompasses the billing dispute he alleges in the Complaint – despite his termination of his Verizon Wireless services.

Finally, Plaintiff also opposes removal of this action, and requests that the arbitration take place "before August 27, 2019." As to removal, Plaintiff asserts that "this [case] has nothing to do with collection, only harassment, fraud of billing, fraud of collection." Opp. at p. 5. However, all of the allegations in Plaintiff's Complaint – as well as the relief he requests – relate to conduct of Verizon Wireless under the Fair Credit Reporting Act ("FCRA"), and perhaps also the Fair Debt Collection Practices Act ("FDCPA"). *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 46 (2d Cir. 2011) (the FCRA preempts common law tort claims). For example, Plaintiff alleges that Verizon Wireless improperly refused to remove erroneous charges from his cellular telephone account, erroneously reported the charges as a delinquent debt to

various Credit Reporting Agencies, and sought to collect the erroneous debt from Plaintiff. *See* Plaintiff's Complaint at pp. 2-3. Thus, this case is properly in federal court, and should not be remanded. If the parties are ordered to contractual arbitration, they can choose a mutually convenient arbitration date in consultation with the arbitrator.

## CONCLUSION

For the foregoing reasons, Verizon Wireless respectfully requests that the Court grant its Motion and compel the parties to contractual arbitration, while staying this litigation pending completion of the arbitration.

Dated: New York, New York
August 20, 2019

                                         Respectfully submitted,

                                         *Andrew P. Kates*
                                         _____
                                         Andrew P. Kates, Esq. (AK4164)
                                         SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.
                                         *Attorneys for Defendant*
                                         **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,**
                                         *incorrectly sued as* **"Verizon Wireless"**
                                         850 Third Avenue, Suite 1100
                                         New York, New York 10022
                                         (212) 651-7500

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY 11211