UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YEHUDA HERSKOVIC,

                              *Plaintiff,*

               -against-

VERIZON WIRELESS,

                              *Defendant.*

Case No.: 1:19-cv-03372

**DEFENDANT CELLCO
PARTNERSHIP D/B/A
VERIZON WIRELESS'
SUPPLEMENTAL BREIF
REGARDING MOTION TO
COMPEL CONTRACTUAL
ARBITRATION AND STAY
ACTION**

Case Removed: June 6, 2019

**[Supplemental Declaration of
Daniel Reed concurrently filed
herewith.]**

        At the initial status conference held on September 10, 2019 (Dkt# 12 – "Conference"),

the Court requested Defendant Cellco Partnership d/b/a Verizon Wireless, incorrectly sued as

"Verizon Wireless" ("Defendant" or "Verizon Wireless") supplement its briefing on its pending

Motion to Compel Contractual Arbitration and Stay Action (Dkt# 13 – "Motion").

        At the Conference, Plaintiff Yehuda Herskovic ("Plaintiff") indicated that he opposed the

Motion on the grounds that the sales receipt and customer agreement produced by Verizon

Wireless related to Plaintiff's purchase of mobile telephone equipment and services for a number

ending in 0559 at a Verizon Wireless Store located at 139 Flatbush Avenue, Brooklyn, NY.

Plaintiff further represented at the Conference that all of the allegations in his Complaint arise

out of a separate purchase of wireless home telephone equipment and services made at 100 Wall

Street, New York, NY for a different telephone number ending in 4565.

As set forth in Defendant's Motion, the Receipt and Customer Agreement dated April 2, 2014, which Plaintiff entered into at 139 Flatbush Avenue, Brooklyn, NY, cover all subsequent disputes between the parties – even those arising from other equipment or services. *See, e.g., Eisen v. Venulum Ltd.*, 244 F. Supp. 3d 324, 333–34 (W.D.N.Y. 2017) ("a broad arbitration clause in an agreement survives and remains enforceable for the resolution of disputes arising out of that agreement subsequent to the termination thereof and the discharge of obligations thereunder"). The Arbitration Provision at issue here broadly applies to "any dispute that in any way relates to or arises out of this agreement or **from any equipment, products and services you receive from** [Verizon Wireless]." *See* **Exhibit B** to the Declaration of Daniel Reed dated July 24, 2019 ("Reed Decl. – July 2019"), at p. 8 (emphasis added). Thus, the Arbitration Provision extends to all subsequent equipment and services Plaintiff purchased, and encompasses the billing dispute he alleges in the Complaint – despite the termination of his Verizon Wireless services.

However, after the Conference, Defendant searched its records and located the sales receipt and customer agreement that Plaintiff executed at **100 Wall Street, New York, NY** when he purchased the specific equipment and services at issue in his Complaint for the home phone number ending in **4565.** Both the Receipt and Customer Agreement are attached to the concurrently-filed Declaration of Daniel Reed dated September 27, 2019 ("Reed Decl. – September 2019") as **Exhibits A and B**, respectively. *See also* Reed Decl. – September 2019 at ¶¶ 4-5. These documents contain arbitration provisions that are nearly identical to those Plaintiff previously entered into when he purchased his mobile phone equipment and services.

Plaintiff admits that he purchased a home wireless device "from Verizon Wireless" at "100 Wall St[.] on or around 04/02/2015 or 2016" and that he "had [the service] for around 15

[sic] to sixteen month [sic]." *See* Plaintiff's Opposition to Motion dated August 13, 2019 (hereinafter "Plaintiff's Opp.") at p. 1. Plaintiff further claims that he "need[s] the original receipt copy from 100 Wall St." *See* Plaintiff's Opp. at p. 4. **Exhibit A** is the signed sales receipt, which Plaintiff executed at 100 Wall Street, New York, NY at 4:50 EST on December 8, 2016 for the phone number ending in **4565**. Reed Decl. – September 2019 at ¶ 4 and **Ex. A** at pp. 2, 3.

By signing the receipt, Plaintiff expressly agreed to the terms of the Customer Agreement, which contains a broad Arbitration Provision. Reed Decl. – September 2019, Ex. A at p. 2 ("I agree to the Verizon Wireless Customer Agreement including … **settlement of disputes by arbitration instead of jury trial**.") (emphasis added). Further, by activating and using his wireless service, Plaintiff again agreed to the terms of the Customer Agreement, including the Arbitration Provision. *Id.*, **Ex. B** at p. 1 ("By using the Service you are agreeing to every provision of this Agreement whether or not you have read it. This agreement also applies to anyone who uses your Service."). The Arbitration Provision in the Customer Agreement provides in relevant part as follows:

> **HOW DO I RESOLVE DISPUTES WITH VERIZON?**
> **...**
>
> **YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY. WHILE THE PROCEDURES MAY BE DIFFERENT, AN ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD. IF THE LAW ALLOWS FOR AN AWARD OF ATTORNEYS' FEES, AN ARBITRATOR CAN AWARD THEM TOO. WE ALSO BOTH AGREE THAT:**

(1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES THAT QUALIFY, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES) . . . WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS . . . [.]

Reed Decl. – September 2019, **Ex. B** at p. 7 (bolded text in original).

Accordingly, all of the arguments raised in Defendant's Motion and accompanying papers apply with equal force here.

The Arbitration Provision at issue could not be plainer or more broadly worded. It clearly encompasses the claims alleged in Plaintiff's Complaint, which center on Plaintiff's allegation that Verizon Wireless improperly refused to remove certain charges from his account, reported the charges as a delinquent debt to various Credit Reporting Agencies, and sought to collect the debt from him. *See* Plaintiff's Complaint, pp. 2-3, annexed hereto as **Exhibit 1**. Thus, Plaintiff's claims are subject to arbitration. Moreover, there is no dispute that Plaintiff is bound by the Arbitration Provision. Defendant has admitted that he purchased the equipment and service at issue and signed the accompanying sales receipts, which are clear that all disputes between the parties are to be resolved via arbitration. *See* Plaintiff's Opp. at pp. 1, 4; *see also*, **Ex. 1**: Plaintiff's Complaint, p. 1. Thus, there is no basis to deny Defendant's Motion, nor to grant Plaintiff any discovery prior to granting the Motion.

Where, as here, there is no dispute as to the facts underlying arbitrability, **there is no basis for allowing any discovery prior to granting a motion to compel arbitration.** *See, e.g., Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ("[W]hen it is apparent – on the face of the complaint and documents properly incorporated therein – that claims are subject to

arbitration, a district court may dismiss in favor of arbitration **without the delay of discovery**.") (emphasis added); *O.N. Equity Sales Co. v. Staudt*, No. 2:07-CV-142, 2008 WL 271329, at *6 (D. Vt. Jan. 30, 2008) (granting motion to compel arbitration and **denying request for discovery** because "the relevant facts [underlying arbitrability] have been firmly established.")

Plaintiff's request for pre-arbitration discovery appears calculated to keep Defendant in litigation contrary to the parties' express agreement. Participation in discovery could even subject Defendant to the possibility of waiver. *See, e.g., PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 109 (2d Cir. 1997) ("We have held that sufficient prejudice to sustain a finding of waiver exists when a party takes advantage of pre-trial discovery not available in arbitration."). The only reason Plaintiff has articulated for conducting discovery prior to arbitration – his expressed need for the sales receipt and customer agreement relating to the phone number ending in 4565 – is now moot. There is no dispute that the parties are bound by the Arbitration Provision and, accordingly, there is no basis for granting Plaintiff's request for discovery prior to ruling on Defendant's Motion.

For the foregoing reasons, Verizon Wireless respectfully requests that the Court grant its Motion and compel the parties to engage in contractual arbitration, and stay this litigation pending completion of the arbitration.

Dated: New York, New York
October 1, 2019

Respectfully submitted,

*Andrew P. Kates*

_____
Andrew P. Kates, Esq. (AK4164)
SEGAL, MCCAMBRIDGE, SINGER &
MAHONEY, LTD.
*Attorneys for Defendant*
**CELLCO PARTNERSHIP
D/B/A VERIZON WIRELESS,**
*incorrectly sued as* **"Verizon Wireless"**
850 Third Avenue, Suite 1100
New York, New York 10022
(212) 651-7500

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
303 Marcy Ave.
Brooklyn, NY  11211