UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
YEHUDA HERSKOVIC,

                Plaintiff,

        - against –

VERIZON WIRELESS,

                Defendant.
------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**
1:19-CV-3372 (AMD) (RML)

**ANN M. DONNELLY**, United States District Judge:

In March of 2019, the *pro se* plaintiff brought this wrongful debt collection practices action against Verizon Wireless.[1] (ECF No. 2.) The defendant removed the case to this court and moved to compel arbitration and stay the action. (ECF No. 13.) In a January 23, 2020 Report and Recommendation, the Honorable Robert M. Levy recommended that I grant the defendant's motion. (ECF No. 25.) The plaintiff filed an objection. (ECF No. 27.) For the reasons set forth below, I adopt Magistrate Judge Levy's well-reasoned opinion, grant the defendant's motion to compel arbitration and stay the action.

## BACKGROUND

The plaintiff, the defendant's former customer, alleges that the defendant charged him a $176 disconnection fee that the company had previously agreed to waive. (ECF No. 2-2 at 4.) The plaintiff first activated his Verizon account in April of 2014. (ECF No. 13-4 at 1-2.) As part of his purchase, he accepted the terms of a customer agreement by signing a customer receipt. (*Id.*) The agreement provides that the parties "agree to resolve disputes only by arbitration[,]" and that the agreement would be governed by the Federal Arbitration Act.[2] (ECF No. 13-5 at 4.)

---

[1] The defendant identifies itself as Cellco Partnership d/b/a Verizon Wireless. (ECF No. 13-1 at 1.)

[2] The plaintiff subsequently signed at least one additional customer receipt—generated December 8, 2016—in which he again agreed to the arbitration provision. (ECF Nos. 18-2, 18-3.)

In December of 2017, the plaintiff signed an additional contract for home phone service. (ECF No. 2-2 at 3.) He started having problems about a month later—calls would drop and people had trouble hearing him—which the defendant could not fix. (*Id.*) He decided to cancel the service. (*Id.*) Although a customer service supervisor allegedly agreed to waive the disconnection fee, the company charged him anyway. (*Id.* at 4.) When he refused to pay, the company sent the debt to multiple collection companies, which in turn inundated the plaintiff with letters and calls. (*Id.*) The charge damaged his credit. (*Id.*)

The plaintiff brought this claim in March of 2019. (ECF No. 2-2.) The defendant removed the case to this court, and moved to compel arbitration and stay the case, asserting that the action was subject to arbitration per the customer agreement. (ECF No. 13.)

In his Report and Recommendation, Judge Levy concluded that the parties "consented to a broad agreement to arbitrate and [that the] plaintiff . . . failed to overcome the strong presumption of arbitrability that attaches to such agreements[.]" (ECF No. 25 at 6.) Additionally, he recommended that I grant the defendant's application to stay the action. (*Id.*)

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776. 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted).

A *pro se* party's objections are "generally accorded leniency" and construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

## DISCUSSION

The plaintiff makes three arguments: that he did not agree to arbitration, that the Federal Arbitration Act does not apply to the agreement, and that the defendant waived arbitration by removing the case to federal court. (ECF No. 27 at 1-3.) The defendant responds that the Court should not consider these arguments because the plaintiff did not raise them before Judge Levy. (ECF No. 28.) In any event, the defendant says that the plaintiff's objections are meritless. (*Id.*)

Even construing the plaintiff's *pro se* objections liberally, he did not raise two of his claims—that the Federal Arbitration Act does not apply, and that the defendant waived arbitration—before Judge Levy. "[T]he Court is only obliged to review the Report for clear error." *Pall Corp.*, 249 F.R.D. at 51. Nevertheless, because the plaintiff is representing himself,

3

I consider his objections *de novo*. I conclude that Judge Levy's report and recommendation was correct, and I adopt it in its entirety.

I.  **General Standard**

A court deciding a motion to compel arbitration applies a standard "similar to that applicable for a motion for summary judgment." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (citation omitted). The Court "consider[s] all relevant, admissible evidence submitted by the parties and contained in 'pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits,'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (quoting Fed. R. Civ. P. 56(c)) (second alteration in original), and draws all reasonable inferences in favor of the non-moving party. *Nicosia v. Amazon.com*, 834 F.3d 220, 229 (2d Cir. 2016). I consider the plaintiff's signed customer receipts and agreements, which the defendant submitted with its motion to compel arbitration.

II.  **Validity of Agreement**

"Ordinary principles of contract . . . determine which parties are bound by an agreement to arbitrate." *Bankers Conseco Life Ins. Co. v. Feuer*, No. 16-CV-7646, 2019 WL 1353279, at *6 (S.D.N.Y. Mar. 15, 2018) (citing *Fisser v. Int'l Bank*, 282 F.2d 231, 235 (2d Cir. 1960)). Like other contracts, an arbitration agreement may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (citing *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). A forged signature generally renders a contract void. *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 370 (2d Cir. 2003).

The plaintiff maintains that he did not sign the 2014 and 2016 customer receipts, and that the customer agreements are "false documents" with "false signatures." (No. 27 at 3-4.)

"[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir. 1996). An "opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." *Contemporary Mission v. United States Postal Serv.,* 648 F.2d 97, 107 n.14 (2d Cir. 1981) (internal citations and quotation marks omitted). The plaintiff's claim, which is not supported by any evidence, is insufficient to create a genuine issue of material fact. After all, the plaintiff admits that he signed multiple contracts with the company, and he was a Verizon customer for the period covered by the signed agreements. (ECF Nos. 1 at 1; 14 at 1.) In short, there is no credible evidence that the records that the defendant produced are forgeries or otherwise false. Accordingly, Judge Levy's conclusion that the "plaintiff accepted the terms of the [c]ustomer [a]greement on at least two separate occasions over more than four years of service with Verizon Wireless" was correct. (ECF No. 25 at 5.)

Equally unimpressive is the plaintiff's claim that the agreements do not govern the December 2017 purchase underlying the disputed charge. (No. 27 at 3-4.) "[A] broad arbitration clause in an agreement survives and remains enforceable for the resolution of disputes arising out of that agreement subsequent to the termination thereof and the discharge of obligations thereunder . . . ." *Eisen v. Venulum Ltd.,* 244 F. Supp. 3d 324, 333 (W.D.N.Y. 2017) (citation omitted). The arbitration clause in the customer agreement covers "any dispute that in any way relates to or arises . . . from any equipment, products and services [the plaintiff] receive[d] from [Verizon Wireless]." (ECF Nos. 13-5 at 4; 18-3 at 7.) As Judge Levy determined, this language "is sufficiently broad to create a strong presumption of arbitrability" (ECF No. 25 at 5), including over services he later purchased in 2017.

### III. Federal Arbitration Act

Next, the plaintiff argues that the Federal Arbitration Act does not apply because this is not a maritime action involving commerce. (ECF No. 27 at 3.) But the Act is not limited to maritime actions. On the contrary, it provides that arbitration agreements "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The statute establishes a "liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts").

The parties' agreements reference the statute explicitly, providing that "[t]he Federal Arbitration Act applies to this agreement." (ECF Nos. 13-5 at 4; 18-3 at 7.) Unfair debt collection and credit reporting claims are unquestionably covered by the Act. *See DeGraziano v. Verizon Comms., Inc.*, 325 F. Supp. 2d 238, 243 (E.D.N.Y. 2004) ("[T]he plaintiff's claims that Verizon Wireless violated the FCRA arise out of and are related to the [customer service agreement]" and are "presumptively arbitrable."); *see also Biggs v. Midland Credit Mgmt.*, No. 17-CV-340, 2018 WL 1225539, at 5 n.4 (E.D.N.Y. Mar. 9, 2018) (FDCPA acts are arbitrable) (citation omitted). Accordingly, Judge Levy correctly applied the Federal Arbitration Act.

### IV. Waiver

Finally, the plaintiff says that the defendant waived arbitration by removing the case to federal court which, according to the plaintiff, constituted protracted participation in litigation. (ECF No. 27 at 1-2.) The "waiver of the right to arbitration is not to be lightly inferred," and the determination "is not susceptible to bright line rules." *Galeana v. Mahasan Inc.*, No. 14-CV-

3625, 2019 WL 3024588, at *4 (S.D.N.Y. July 11, 2019) (citation omitted). Courts determining whether a party has waived arbitration consider "(1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense." *Id.* (citations omitted).

"[T]he mere act of removing [a] claim from state to federal court is hardly the sort of aggressive participation in litigation" that constitutes waiver. *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 529 (S.D.N.Y. 2015) (citation omitted). The defendant removed the case to federal court within about two months of service and moved to compel arbitration a month later. With the exception of the customer receipts and customer agreements, the parties have not engaged in significant discovery or motion practice. Moreover, the plaintiff has not demonstrated any prejudice resulting from being ordered to arbitrate his claims.

Accordingly, Judge Levy correctly concluded that "the parties have consented to a broad agreement to arbitrate and [the] plaintiff has failed to overcome the strong presumption of arbitrability that attaches to such agreements[.]" (ECF No. 25 at 6.)

## CONCLUSION

The defendant's motion to compel arbitration is granted. The action is stayed pursuant to section 3 of the Federal Arbitration Act.[3] The parties must provide a status report by July 24, 2020.

---

[3] The defendant requested a stay. (ECF No. 13-1 at 9-10.) Accordingly, the court is required to stay the proceedings pending the outcome of the arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("[T]he FAA mandate[s] a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay [is] requested.").

7

**SO ORDERED.**

                                                   s/Ann M. Donnelly
                                           _____
                                           Ann M. Donnelly
                                           United States District Judge

Dated: Brooklyn, New York
       March 6, 2020