# Case No.: 1-19-cv-03372-AMD-RML

Date September 22, 2020
Hon. Ann M. Donnelly
United States District Court
Eastern District of New York

**FILED
in the Clerk's Office
U.S. District Court E.D.N.Y**

**Sep 22nd 2020**

**Brooklyn Pro Se Office**

## Dear Judge Donnelly,

I Yehuda Herskovic am the plaintiff in this action and provide the status update required by the Court. This is also a response to the misrepresentations filed by Defendant in its status reports. (ECF 30, 32).

In sum: Because there is no arbitration agreement between the parties, Plaintiff has no choice and is still waiting for Defendant to initiate the arbitration. Defendant is the one who compelled arbitration and it is incumbent on Defendant to show that their motion to compel arbitration was not a frivolous exercise.

## Background

The complaint alleges that on December 27, 2017, Plaintiff purchased from Defendant home phone service for the number 718.387.4565. (ECF 2-2)

In its motion to compel arbitration, Defendant alleged that Plaintiff obtained Verizon Wireless service in April 2014 for a phone number ending 0559, and thus Defendant claimed Plaintiff's home phone service in 2017 binds Plaintiff to the arbitration agreement found for phone number 0559. (ECF 13-3). Attached to the Defendant's motion is a contract with a different "Yehuda Herskovic," who is not the same person as Plaintiff, bearing an address and ending phone number 0559 that never belonged to Plaintiff. (ECF 13-6). Indeed, Plaintiff never resided on Flushing Avenue, the purported address exhibited by Defendant. (ECF 13-6).

As Plaintiff objected to the motion compelling arbitration, Defendant in its reply manufactured a different consumer contract, dated December 8, 2016, having no name nor address, just baring a phone number 718.675.6897. (ECF 18-2). Again, the second contract also did not belong to Plaintiff and bore no relationship to the phone number "718.387.4565" alleged in the complaint.

Page 1

The magistrate did not pay attention to Plaintiff's objection, verbatim copied word for word alleged by Defendant, and recommended staying the action and compelling arbitration. (ECF 25).

Plaintiff filed an objection to the Magistrates report. (ECF 27). Defendant filed an opposition. (ECF 28).

The Court did not allow Plaintiff to file a reply to Defendant's opposition and verbatim repeated the Defendant in its order compelling arbitration. (ECF 29).

Given there is reversible error, Plaintiff moves to appeal this case at its final conclusion. In the meanwhile, the Court's reversible error cannot be appealed while the case is stayed and ongoing. See 9 USC 16(b)(1).

Now that Defendant was successful in dodging a lawsuit and the Court fell for the fast one played by Defendant, Plaintiff has no choice but to patiently wait for Defendant's game to get exposed. Sure, it did not and will not take too long. The Defendant's status report is only the beginning.

During the stay, in mid-July and August, Plaintiff received several phone calls from an attorney Lisa Lawrence, identifying herself as an attorney from Verizon (there is no notice of appearance from her on the record). Ms. Lawrence asked Plaintiff to go to the American Arbitration Association to sign a new arbitration agreement to initiate arbitration.

## Issues

Recall, Plaintiff contests the existence of any arbitration agreement. Defendant is anticipating pulling a fast one, by banking on Plaintiff being pro se, through duping the Plaintiff to sign a new arbitration agreement. Thus, questions arise, did the Court rely on a genuine arbitration agreement to compel arbitration, if so, then why is it necessary for Plaintiff to sign a new arbitration agreement? If the Court did not rely on a valid arbitration agreement to compel arbitration, then what authority did the Court have to compel arbitration???

Furthermore, since the Defendant is the one who moved to compel arbitration, then why isn't Defendant initiating the arbitration proceedings? What is the Defendant trying to hide by asking Plaintiff to sign an arbitration agreement with the American Arbitration Association? Is Defendant trying to hide the fact that it

is a repeated player at the American Arbitration Association? Is Defendant trying to dodge Plaintiff's right to appeal from the Court's reversible errors? If there is already a valid arbitration agreement, then why is Defendant asking Plaintiff to sign a successive arbitration agreement?

Dice it or slice it, the results will be the same. All these questions have one answer: there is no arbitration agreement present. Whatever documents Defendant submitted to dupe the Court has absolutely no relationship with Plaintiff. Indeed, Defendant has not and cannot produce any genuine document linking the phone number "718.387.4565" to an arbitration agreement.

Because there is no arbitration agreement present, the Court was and still is without any authority to compel arbitration. It is incumbent on the Defendant to initiate the compulsory arbitration proceedings, which Plaintiff will attend only under protest, out of respect for the Court. Please note that Plaintiff does not consent to any of the arbitration proceedings, nor does Plaintiff waive any rights to compel pre-arbitration disclosures, to examine whether Defendant's preselected arbitrator is considered what the law classifies as a "repeat player."

**This is not to say that Plaintiff will defy the Court's order; rather, Plaintiff will only attend arbitration under protest contesting the very basis for arbitration**; however, Plaintiff will not sign any arbitration agreement nor consent to any waivers.

Given that Defendant wants the arbitration proceeding, but no arbitration agreement exists, the Defendant has made a mockery of the Court by moving to compel arbitration with a fake arbitration agreement. Now the status is an impasse.

In sum: Defendant deliberately misled the Court to believe that there exists an arbitration agreement between the parties, when in fact there is no arbitration agreement whatsoever. After the Court ordered compelling arbitration, the fraud on the Court is slowly exposing. Defendant now asks Plaintiff to sign an arbitration agreement to "initiate arbitration." Given that no arbitration agreement exists, no arbitrator is capable of convening on this controversy, and Defendant did not and still cannot furnish an arbitration agreement to initiate the arbitration proceeding.

## CONCLUSION

I respectfully request that Defendant reconsider the mockery it made of the Court pretending there is an arbitration agreement when there is none.

Yehuda Herskovic

*[signature]*

09/22/2020

YHM1234@YAHOO.COM

347 731 8818

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express℠
UPS 2nd Day Air®

Apply shipping documents on this side.

Do not use this envelope for:

UPS Ground
UPS Standard
UPS 3 Day Select®
UPS Worldwide Expedited®

Serving you for more than 100 years
United Parcel Service.

YOHUDA

HERSKOVIC

PRO SEX CLERK

FILED
2020 SEP 22 PM 4:12
CLERK
U.S. DISTRICT COURT
E.D.N.Y.
LITTLE NEMO DROP BOX




