ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 02 2020 ★
BROOKLYN OFFICE

RECEIVED
DEC 02 2020
PRO SE OFFICE

Case No.: 1-19-cv-03372-AMD-RML

Date December 2, 2020
Hon. Ann M. Donnelly
United States District Court
Eastern District of New York

Dear Judge Donnelly,

I Yehuda Herskovic am the plaintiff in this action and provide the status update required by the Court, as due December 22, 2020.

In my previous status report, I addressed the mockery that Defendant made of the Court leading to an impasse. (ECF 33). The Defendant had no response to the serious charges and misrepresented my status report as seeking reconsideration. (ECF 35). Meanwhile, another three months gone to waste and the Defendant did not initiate the purported arbitration.

But it is Defendant who wants arbitration, not me. Plaintiff has no choice and is still waiting for Defendant to initiate the purported arbitration.

Defendant complains in their last filing that Plaintiff did not make a demand for arbitration. Defendant does not have a real arbitration agreement to initiate arbitration and this is the sole reason why Defendant wants me to create a NEW arbitration agreement!

Defendant is the one who compelled arbitration and it is incumbent on Defendant to show that their motion to compel arbitration was not a frivolous exercise. The past nine months of impasse has demonstrated that Defendant's motion to compel was a frivolous exercise. Now Defendant gets to lie in its own bed.

Defendant should show cause why they should not face sanctions for perpetrating a fraud upon the Court.

## Background

The complaint alleges that on December 27, 2017, Plaintiff purchased from Defendant home phone service for the number 718.387.4565. (ECF 2-2)

In its motion to compel arbitration, Defendant alleged that Plaintiff obtained Verizon Wireless service in April 2014 for a phone number ending 0559, and thus Defendant claimed Plaintiff's home phone service in 2017 binds Plaintiff to the arbitration agreement found for phone number 0559. (ECF 13-3). Attached to the Defendant's motion is a contract with a different "Yehuda Herskovic," who is not the same person as Plaintiff, bearing an address and ending phone number 0559 that never belonged to Plaintiff. (ECF 13-6). Indeed, Plaintiff never resided on Flushing Avenue, the purported address exhibited by Defendant. (ECF 13-6). In other words, Defendant misrepresented a contract of a different "Yehuda Herskovic" who is not the Plaintiff in this action.

As Plaintiff objected to the motion compelling arbitration, Defendant in its reply manufactured a different consumer contract, dated December 8, 2016, having no name nor address, just baring a phone number 718.675.6897. (ECF 18-2). Again, the second contract also did not belong to Plaintiff and bore no relationship to the phone number "718.387.4565" alleged in the complaint.

The magistrate did not pay attention to Plaintiff's objection, verbatim copied word for word alleged by Defendant, and recommended staying the action and compelling arbitration. (ECF 25).

Plaintiff filed an objection to the Magistrates report. (ECF 27). Defendant filed an opposition. (ECF 28).

The Court did not afford Plaintiff to file a reply to Defendant's opposition and verbatim repeated the Defendant in its order compelling arbitration. (ECF 29).

Given there is reversible error, Plaintiff moves to appeal this case at its final conclusion. In the meanwhile, the Court's reversible error cannot be appealed while the case is stayed and ongoing. See 9 USC 16(b)(1).

Now that Defendant was successful in dodging a lawsuit and the Court fell for the fast one played by Defendant, Plaintiff has no choice but to patiently wait for Defendant's game to get exposed. Sure, it did not and will not take too long. The past nine month has confirmed that Defendant does not have an arbitration agreement with what to initiate arbitration.

During the stay, in mid-July and August, Plaintiff received several phone calls from an attorney Lisa Lawrence, identifying herself as an attorney from Verizon (there

is no notice of appearance from her on the record). Ms. Lawrence asked Plaintiff to go to the American Arbitration Association to sign a new arbitration agreement to initiate arbitration.

When Plaintiff informed (ECF 33) the Court of the foregoing shenanigans, Defendant admitted to Plaintiff's charges point blank, that it is waiting for Plaintiff to file a "demand for arbitration." (ECF 35).

## Issues

Recall, Plaintiff contests the existence of any arbitration agreement. Defendant is anticipating pulling a fast one, by banking on Plaintiff being pro se, through duping the Plaintiff to sign a new arbitration agreement and to file a demand for arbitration. Thus, questions arise, did the Court rely on a genuine arbitration agreement to compel arbitration, if so, then why is it necessary for Plaintiff to sign a new arbitration agreement? If the Court did not rely on a valid arbitration agreement to compel arbitration, then what authority did the Court have to compel arbitration???

Furthermore, since the Defendant is the one who moved to compel arbitration, then why isn't Defendant initiating the arbitration proceedings? What is the Defendant trying to hide by asking Plaintiff to sign an arbitration agreement with the American Arbitration Association and make a "demand for arbitration"? Is Defendant trying to hide the fact that it is a repeated player at the American Arbitration Association? Is Defendant trying to dodge Plaintiff's right to appeal from the Court's reversible errors? If there is already a valid arbitration agreement, then why is Defendant asking Plaintiff to create a "successive" arbitration agreement? If there is already a valid arbitration agreement, then what is preventing the Defendant from initiating the purported arbitration?

Dice it or slice it, the results will be the same. Nine months has confirmed that. All these questions have one answer: there is no arbitration agreement present. Whatever documents Defendant submitted to dupe the Court has absolutely no relationship with Plaintiff. Indeed, Defendant has not and cannot produce any genuine document linking the phone number "718.387.4565" to an arbitration agreement.

Because there is no arbitration agreement present, the Court was and still is without any authority to compel arbitration. If anything, it is incumbent on the Defendant to initiate the compulsory purported-arbitration proceedings, which Plaintiff will attend only under protest, out of respect for the Court and its process. Please note that Plaintiff does not consent to any of the arbitration proceedings, nor does Plaintiff waive any rights to compel pre-arbitration disclosures, to examine whether Defendant's preselected arbitrator is considered what the law classifies as a "repeat player."

**<u>This is not to say that Plaintiff will defy the Court's order; rather, Plaintiff will only attend arbitration under protest contesting the very basis for arbitration</u>**; however, Plaintiff will neither sign any arbitration agreement nor demand for arbitration, and not consent to any waivers.

Given that Defendant compelled the arbitration, but no arbitration agreement exists, the Defendant has made a mockery of the Court by moving to compel arbitration with a fake arbitration agreement. **<u>Now the status is an impasse</u>**.

In sum: Defendant deliberately misled the Court to believe that an arbitration agreement exists between the parties, when in fact there is no agreement whatsoever. After the Court ordered compelling arbitration, the fraud on the Court is exposed. Defendant now asks Plaintiff to sign an arbitration agreement with a "demand for arbitration" to initiate arbitration. Given that no arbitration agreement exists, no arbitrator is capable of convening on the controversy of this case, and Defendant did not and still cannot furnish an arbitration agreement to initiate arbitration proceedings. The Court also has no authority to compel the signing of a new arbitration agreement.

Moreover, two years have passed, and Defendant is continuing the false reporting on Plaintiff's credit report. Defendant promised to remove the false report from Plaintiff's credit report. Despite almost two years passed, the false reporting still continues. Plaintiff's due process is delayed and left in limbo, while Defendant is intensifying the mockery it made of the Court.

**Continued >>**

## CONCLUSION

Plaintiff's previous status report (ECF 33) provided to Defendant safe harbor notice, as required under FRCP 11(c)(2). Defendant has taken no effort to cure its frivolous conduct.

I respectfully request that Defendant reconsider the mockery it made of the Court pretending there is an arbitration agreement when there is none. Defendant should show cause why they should not face sanctions for perpetrating a fraud upon the Court for violating FRCP 11(b) et seq.

Respectfully submitted,

Yehuda Herskovic, yhm1234@yahoo.com, **347 731 8818**



**GUARANTEED\***
★ ★ ★
**TRACKED**
★ ★ ★
**INSURED**
★

# FLAT RATE ENVELOPE
## ONE RATE ★ ANY WEIGHT*

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

This packaging is the property of the U.S. Postal Service™ and is provided solely for use in sending Priority Mail Express. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018; All rights reserved. may be a violation of federal law.

pe.usps.com for complete details.



# PRIORITY® MAIL EXPRESS



EP13F Oct 2018
OD: 12 1/2 x 9 1/2

PS10001000006

\* Money back guarantee to U.S., select APO/FPO/DPO