UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
**YEHUDA HERSKOVIC**,

                Plaintiff,

          **- against -**

**VERIZON WIRELESS**,

                Defendant.
----------------------------------------------------------X

**ORDER**
1:19-CV-3372 (AMD) (RML)

**ANN M. DONNELLY**, United States District Judge:

      On March 6, 2020, I granted the defendant's motion to compel arbitration. (ECF No. 29.) Over nine months have passed since then, and the plaintiff has not made a demand for arbitration as required by the parties' customer agreements. Instead, he continues to argue that there was no arbitration agreement between the parties. (ECF Nos. 33, 37.)[1] He also argues that because the defendant compelled arbitration, the defendant must initiate arbitration proceedings by making a demand. (*Id.*)

      A motion to compel arbitration does not shift the burden of litigating claims to the party who compelled arbitration. Rather, a motion to compel merely acknowledges that pursuant to a contractual agreement, this Court does not have jurisdiction over the plaintiff's claims. *See* 9 U.S.C. § 3 (requiring courts to stay proceedings after referring issues to arbitration); *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978) (once the court compels arbitration "the court has no further power or discretion to address the issues raised in the complaint").

---

[1] The defendant interprets the plaintiff's most recent letter as a motion for reconsideration and Rule 11 sanctions. (*See* ECF No. 38.) Although it is unclear whether the plaintiff does indeed seek such relief, either motion would be denied. Local Civil Rule 6.3 requires a party to move for reconsideration of an order within fourteen days after the issuance of the order. The plaintiff filed his first letter raising objections to my March 6, 2020 decision on September 27, 2020, well outside the fourteen-day deadline. Additionally, I considered and rejected the plaintiff's argument that there was not a valid arbitration agreement in deciding the motion to compel. The plaintiff may not use Rule 11 sanctions to relitigate the validity of that agreement.

Therefore, if the plaintiff wants to pursue the claims that he raised in his complaint, he must do so by making an arbitration demand as required under the customer agreement. (*See* ECF No. 13-3.)

As the plaintiff points out, this case is at an "impasse." But it is at an impasse because the plaintiff has not initiated arbitration. To put this in plain terms: this is the plaintiff's lawsuit. The only way he can continue this case is to initiate arbitration proceedings. Then, the arbitrator will decide the merits of the case. It is not the defendant's responsibility to initiate arbitration, because it is the party being sued. It is the plaintiff's responsibility.

Accordingly, I grant the plaintiff an additional 90 days to initiate arbitration by filing an arbitration demand. If he does not make a demand for arbitration of his claims by March 29, 2021, I will deem his claims to be abandoned and dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See Martens v. Thomann*, 273 F.3d 159, 179 n.14 (2d Cir. 2001) (suggesting that "a court which stays an action pending arbitration nevertheless maintains jurisdiction to regulate the parties' conduct by issuing sanctions, including dismissal for failure to prosecute under Rule 41(b)"); *see also Dhaliwal v. Mallinckrodt PLC*, No. 18-CV-3146, 2020 WL 5236942, at *2 (S.D.N.Y. Sept. 2, 2020) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b) because the plaintiff failed to initiate arbitration after one year); *Shetiwy v. Midland Credit Mgmt.*, No. 12-CV-7068, 2016 WL 4030488, at *4 (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (dismissing action for failure to prosecute (Rule 41(b)) and failure to comply with court orders (Rule 16(f)) after the plaintiff refused to initiate arbitration more than three years following the Court's order to compel arbitration).

## CONCLUSION

The plaintiff is directed to initiate arbitration within 90 days or show cause why this action should not be dismissed for failure to prosecute. The parties are directed to file a status report updating the Court on the arbitration proceeding no later than April 2, 2021. The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

**SO ORDERED.**

        s/Ann M. Donnelly
        ANN M. DONNELLY
        United States District Judge

Dated: Brooklyn, New York
       December 28, 2020