UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>        *Plaintiff,*<br><br> -against-<br><br>VERIZON WIRELESS,<br><br>        *Defendant.* | Case No.: 1:19-cv-03372<br><br>**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S FURTHER STATUS REPORT RE ARBITRATION**<br><br>Case Removed: June 6, 2019<br>Compelled to Arb.: March 6, 2020 |

## **FURTHER STATUS REPORT RE ARBITRATION**

Defendant Cellco Partnership d/b/a Verizon Wireless, incorrectly sued as "Verizon Wireless" ("Defendant") submits this further status report in compliance with the Court's order dated April 13, 2021, directing Defendant "to respond to the plaintiff's April 9, 2021 letter, and explain to the Court whether the plaintiff has commenced an arbitration proceeding before the BBB, and if not, what additional steps the plaintiff must take to commence the arbitration.

Counsel for Defendant has spoken with the Better Business Bureau ("BBB") to clarify the status of the Complaint/Demand for Arbitration under Duress ("Complaint") that Plaintiff Yehuda Herskovic ("Plaintiff") filed on or about March 26, 2021 (*see* Doc. # 41). The BBB informed counsel that the Complaint remains in process, and that no arbitration has been initiated based on the Complaint because the BBB requires that 30 days pass from the filing of a Complaint before an arbitration can be commenced. At the conclusion of the 30 days, Plaintiff may commence the arbitration by informing the BBB that he wishes to proceed with binding arbitration in that forum.

However, the BBB limits its arbitration awards to $10,000 or less. If Plaintiff seeks over that amount in alleged damages, he must file a separate demand for arbitration with the American

Arbitration Association ("AAA"). In his complaint in this action, Plaintiff seeks $30,000 in damages. Accordingly, at this time, there is no arbitration initiated—just a pending Complaint before the BBB. Thus, in order to initiate arbitration, Plaintiff may do one of the following:

1. Inform the BBB that he will submit to binding arbitration before the BBB, which will cap his damages at $10,000; or
2. File a new demand for arbitration with the American Arbitration Association ("AAA"), if he seeks more than $10,00 in damages.

Plaintiff is incorrect that the parties' arbitration agreement "unilaterally designated the BBB as arbitrator." The agreement in fact allows the consumer to elect to proceed either before the BBB or the AAA:

> EXCEPT FOR SMALL CLAIMS COURT CASES, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT … WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB")…. FOR CLAIMS **OVER $10,000**, THE AAA'S CONSUMER ARBITRATION RULES WILL APPLY. FOR CLAIMS **OF $10,000 OR LESS**, THE PARTY BRINGING THE CLAIM **CAN CHOOSE EITHER** THE AAA'S CONSUMER ARBITRATION RULES OR THE BBB'S RULES FOR BINDING ARBITRATION OR, ALTERNATIVELY, CAN BRING AN INDIVIDUAL ACTION IN SMALL CLAIMS COURT.

Exhibit B to the Declaration of Daniel Reed, filed in support of Defendant's Motion to Compel Arbitration (Doc. # 18) (emphasis added).

As to Plaintiff's claims in his letter to the Court dated April 9, 2021 (Doc. #45) that Defendant "lied" about his initiating an arbitration, or is attempting to block the BBB arbitration and "divert the matter to its own personnel," Plaintiff is mistaken. The filing of the Complaint with the BBB did not actually initiate an arbitration. Moreover, while the BBB and Defendant had some initial confusion over which BBB office will handle Plaintiff's complaint—this issue has been resolved. Specifically, the BBB informed counsel for Defendant that the Complaint will proceed in the New Jersey office, but if/when Plaintiff submits it to arbitration with the BBB for no more than $10,000, the arbitration will be handled by their national arbitration office.

Accordingly, Defendant respectfully requests that the Court order Plaintiff to elect which arbitral forum he wishes to proceed in—the BBB (for $10,000 or less) or the AAA (for $10,000 or more)—and to initiate an arbitration in that forum within 60 days, or for such other period as the Court may deem appropriate. During multiple telephone calls with defense counsel last week, Plaintiff indicated that he would be out of the country this week, for personal matters.

Dated: New York, New York
April 20, 2021

                                                  Respectfully submitted,

                                                  *Howard A. Fried*

                                                  _____
Howard A. Fried (HF2114)
McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.
*Attorneys for Defendant*
**Cellco Partnership d/b/a Verizon Wireless,** *incorrectly sued as* **"Verizon Wireless**"
80 Broad Street, 23rd Floor
New York, NY 10004
(212) 5093-456
hfried@mkcilaw.us.com

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
225 Ross St.
Brooklyn, NY 11211