UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>      *Plaintiff,*<br><br>-against-<br><br>VERIZON WIRELESS,<br><br>      *Defendant.* | Case No.: 1:19-cv-03372<br><br>**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S RESPONSE TO PLAINTIFF'S STATUS REPORT RE ARBITRATION**<br><br>Case Removed: June 6, 2019<br>Compelled to Arb.: March 6, 2020 |

   Defendant Cellco Partnership d/b/a Verizon Wireless, *incorrectly sued as* "Verizon Wireless" ("Defendant") submits this response to Plaintiff Yehuda Herskovic's ("Plaintiff") status update letter (Doc. No. 47), as directed by the Court. Plaintiff's letter is filled with inaccuracies and excuses. Although counsel for Defendant has been in email and telephone contact with Plaintiff—and has clearly explained Plaintiff's choice of initiating arbitration before the Better Business Bureau ("BBB" – for claims of $10,000 or less) or the American Arbitration Association ("AAA" – for claims of more than $10,000)—Plaintiff continues to falsely represent to the Court that he somehow cannot initiate an arbitration. In reality, it appears as though Plaintiff has deliberately flouted this Court's orders.

   This case was ordered to arbitration pursuant to the parties' arbitration agreement over a year ago, on March 6, 2020 (Doc. No. 29). Since then, this Court has twice ordered Plaintiff to initiate the arbitration, and he has twice failed to comply with the orders. *See* Doc. No. 39, December 28, 2020 ("The plaintiff is directed to initiate arbitration within 90 days or show cause why this action should not be dismissed for failure to prosecute."). Scheduling Order dated April 22, 2021 ("No later than June 21, 2021, the plaintiff must formally commence an arbitration proceeding with either the BBB or the AAA."). Plaintiff's claims about a "Gina B." and the

denial of his complaint before the BBB cannot cure his failure to comply with this Court's multiple orders to initiate an arbitration.

As described in detail in Defendant's prior status update (Doc. No. 46), under the terms of his arbitration agreement with Defendant, Plaintiff may elect to arbitrate before either the BBB or the AAA, depending on the amount he seeks to recover. To initiate arbitration before the BBB for a claim of ***$10,000 or less***, Plaintiff may submit an Arbitration Request Form, which may be accessed by using the BBB National Program web portal at:

https://bbbprograms.org/programs/all-programs/VerizonDisputeResolution.

If choosing to proceed with a BBB arbitration, Plaintiff must acknowledge that his claim does not exceed $10,000 (which he has so far been unwilling to do). *See* the BBB Arbitration Rules, attached hereto as **Exhibit A** ("As a Verizon Wireless customer, you have the option of using BBB NP arbitration to resolve any dispute involving a claim of $10,000 or less that results from the Verizon Wireless Customer Agreement or from the services you receive from Verizon Wireless."). *See also* the parties' arbitration agreement at Doc. No. 18, Attachment No. 3 (ALL DISPUTES "WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ('AAA') OR BETTER BUSINESS BUREAU ('BBB')…. FOR CLAIMS OVER $10,000, THE AAA'S CONSUMER ARBITRATION RULES WILL APPLY. FOR CLAIMS OF $10,000 OR LESS, THE PARTY BRINGING THE CLAIM CAN CHOOSE EITHER THE AAA'S CONSUMER ARBITRATION RULES OR THE BBB'S RULES FOR BINDING ARBITRATION OR, ALTERNATIVELY, CAN BRING AN INDIVIDUAL ACTION IN SMALL CLAIMS COURT.").

If Plaintiff seeks to recover over $10,000, he may initiate an arbitration by submitting a Demand to the AAA, as described in Rule 2 of the AAA Consumer Arbitration Rules. See AAA

Consumer Arbitration Rules, located at:

https://www.adr.org/sites/default/files/Consumer%20Rules.pdf.  Plaintiff's refusal to initiate arbitration with either the BBB or AAA appears to be a bad-faith attempt to avoid arbitration entirely, or to postpone it unduly.  Plaintiff could have initiated—and the parties could already have completed—arbitration over the course of the past 15 months.

In light of Plaintiff's defiance of this Court's prior orders, Defendant respectfully requests that the Court order Plaintiff to initiate arbitration before the BBB (if his claim is for $10,000 or less) or the AAA (if his claim is for more than $10,000) within 10 days, to provide Defendant and this Court a copy of the submitted demand to initiate arbitration, and to dismiss this action if Plaintiff fails to do so.

Dated: New York, New York
June 21, 2021

Respectfully submitted,

*Howard A. Fried*
Howard A. Fried (HF2114)
McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.
*Attorneys for Defendant*
**CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,** *incorrectly sued as* **"Verizon Wireless**"
80 Broad Street,  23rd Floor
New York, NY 10004
(212) 509-4420

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
225 Ross St.
Brooklyn, NY  11211