UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA HERSKOVIC,<br><br>        *Plaintiff,*<br><br>  -*against*-<br><br>VERIZON WIRELESS,<br><br>        *Defendant.* | Case No.: 1:19-cv-03372<br><br>**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S STATUS UPDATE RE COURT ORDER**<br><br>Case Removed: June 6, 2019<br>Compelled to Arb.: March 6, 2020 |

### STATUS UPDATE RE COURT ORDER

  Defendant Cellco Partnership d/b/a Verizon Wireless, *incorrectly sued as* "Verizon Wireless" ("Defendant") provides this update to the Court regarding the Scheduling Order setting an in-person conference for June 29, 2021 at 12:30 p.m. The Order directed Defendant to "ensure that a BBB representative, who can address the issues raised in the parties' letters [47] and [48], is in attendance."

  Upon following through with that directive, we have unfortunately learned that because the BBB National Program ("BBB NP") that administers arbitrations for the BBB is located in Arlington, Virginia, a representative from the organization *cannot* appear in person at the conference. However, Abby Adams, Senior Counsel for the BBB NP, has submitted a declaration explaining the BBB arbitration process and the $10,000 limit for arbitrations pursuant to the Verizon Customer Agreement, and providing a copy of the Arbitration Request Form that Plaintiff Yehuda Herskovic ("Plaintiff") may use to initiate arbitration before the BBB if he seeks $10,000 or less.

  In addition to Ms. Adams's declaration, the BBB NP has agreed to make one of its representatives available to attend the status conference telephonically, in order to answer any additional questions the Court or Plaintiff may have.

As the arbitration clause in Plaintiff's Customer Agreement states, and as Ms. Adamas reiterates, for claims of $10,000 or less, Plaintiff may choose to bring a small claims action or arbitrate before the BBB. For claims of more than $10,000, Plaintiff must arbitrate before the American Arbitration Association ("AAA"):

> (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES), INCLUDING ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS, **WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB")….**
>
> (2) UNLESS YOU AND VERIZON AGREE OTHERWISE, THE ARBITRATION WILL TAKE PLACE IN THE COUNTY OF YOUR BILLING ADDRESS. **FOR CLAIMS OVER $10,000, THE AAA'S CONSUMER ARBITRATION RULES WILL APPLY. FOR CLAIMS OF $10,000 OR LESS, THE PARTY BRINGING THE CLAIM CAN CHOOSE EITHER THE AAA'S CONSUMER ARBITRATION RULES OR THE BBB'S RULES FOR BINDING ARBITRATION OR, ALTERNATIVELY, CAN BRING AN INDIVIDUAL ACTION IN SMALL CLAIMS COURT.**

*See* ECF 18-3. Since Plaintiff is seeking $75,000 in alleged damages in this litigation, and is therefore unlikely to limit his recovery to $10,000, it appears that Plaintiff will need to initiate arbitration before the AAA. However, if Plaintiff agrees to limit his recovery to $10,000 or less, he may initiate arbitration by submitting the Arbitration Request Form attached as Exhibit 3 to Ms. Adams's declaration.

It appears that Plaintiff does not agree with the Court's ruling (entered over a year ago) compelling this case to arbitration. Accordingly, he filed a Complaint with the BBB "under protest," but did not actually initiate an arbitration. Plaintiff is aware that he may not initiate a BBB arbitration unless he limits his potential recovery to $10,000 or less, so it is unclear why he continues to bombard this Court with status reports relating to a BBB arbitration, instead of initiating a AAA arbitration.

To resolve this issue, Defendant respectfully requests that the Court ask Plaintiff to disclose to Defendant and the Court how much he seeks to recover in the arbitration, and then based upon his response, direct him to initiate arbitration in the proper forum—either the BBB

(for claims of $10,000 or less) or the AAA (for claims over $10,000) within a period the Court deems proper.

Dated: New York, New York
June 24, 2021

Respectfully submitted,

*Howard A. Fried*

_____
Howard A. Fried (HF2114)
McGIVNEY, KLUGER, CLARK &
INTOCCIA, P.C.
*Attorneys for Defendant*
**Cellco Partnership d/b/a Verizon Wireless,** *incorrectly sued as* **"Verizon Wireless"**
80 Broad Street, 23rd Floor
New York, NY 10004
hfried@mkcilaw.us.com

TO:

Yehuda Herskovic
*Plaintiff Pro Se*
225 Ross St.
Brooklyn, NY  11211

3