


12/3

RECEIVED
NOV 29 2021
PRO SE OFFICE

Case No.: 1-19-cv-03372-AMD-RML

Date November 26, 2021
Hon. Ann M. Donnelly
United States District Court
Eastern District of New York
SUBMITTED 11/29/2021

Dear Judge Donnelly,

I Yehuda Herskovic am the plaintiff in this action and submit the attached Amended Complaint.

Given that the Defendant is falsely misrepresenting that its negative report on Plaintiff's credit report is an accident, even though the violation has been repeating monthly since December 2018. The amended complaint clarifies the facts surrounding the cause of action.

The American Arbitration Association is allowing Plaintiff to file an amended complaint.

## Conclusion

Wherefore, Plaintiff respectfully asks that the Court for an order allowing amending the complaint.

Respectfully submitted,

Yehuda Herskovic, yhm1234@yahoo.com, **347 731 8818**




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Yehuda Herskovic, plaintiff,

v.

Verizon Wireless also doing business as Cellco Partnership, Defendant.

Case EDNY 1-19-cv-03372-AMD-RML

Amended Complaint




Plaintiff sues defendant for money damages and state:

## Jurisdiction

1. All action relevant to this case accrued in Kings County.

## Nature of the Case

2. Defendant runs an operation to gouge consumers and unjustly extort money the following supports this claim:

3. On or about December 6, 2016, Plaintiff purchased service a home device from Verizon Wireless and Cellco Partnership under the phone number 718.387.4565.

4. The home device was defective.

5. Plaintiff frequently contacted Defendant to cure the defective service.

6. Defendant was unable to cure the defective service and rescinded the sale.

7. Upon the recession, Defendant conveyed Plaintiff that he would not be charged a termination fee.

8. On January 30, 2018, issued an invoice to Plaintiff charging an "early termination fee" along with other surcharges in the total amount of $176.11.

9. Thereafter, Defendant failed to refund to Plaintiff the money paid for the defective home device.

10. Plaintiff sued Defendant in the Small Claims Court of King County under the caption Yehuda Herskovic v. Verizon

Wireless, Index No. 3766/18.

11. On December 4, 2018, the Small Claims Court awarded judgment in favor of Plaintiff for $718.00.

12. On January 9, 2019, Defendant duly satisfied the judgment in full.

## First Cause of Action

13. Plaintiff repeats the foregoing and states:

14. Starting about August 2018 to the present, Defendant has been reporting on Plaintiff's credit report a "charge off" of $176, representing the early termination fee.

15. This report has been repeated monthly and every time that Plaintiff disputed the alleged debt with the credit bureaus.

16. Defendant's negative report is false because Defendant rescinded the sale and should have never been charged an early termination fee.

17. Defendant's negative report is false because Plaintiff prevailed in Small Claims Court upholding the rescission awarding Plaintiff the refund of all monies paid.

18. At all relevant times, Defendant raised in Small Claims Court the contention that Plaintiff owes them $176.11.

19. The Small Claims Court rejected Defendant's argument when awarding judgment to Plaintiff for $718.

20. The Small Claims Court understood that upon rescission of a contract there is no termination of the contract, since a recission leaves the parties in a position as if there was never a contract.

21. Defendant is collaterally estopped from pursuing any claim arising from the home device.

22. Defendant has no legitimate basis for publishing a negative tradeline on Plaintiff's credit report.

23. Except for Defendant's false report, Plaintiff has an unblemished credit report.

24. As a direct result of Defendant's negative report, Plaintiff has repeatedly been denied credit.

25. As a direct result of Defendant's negative report, Plaintiff suffered actual damages and emotional distress.

26. Plaintiff duly demands compensatory damages.

## Second Cause of Action

27. Plaintiff repeats the foregoing and states:

28. After prevailing in Small Claims Court, Defendant pursued a game of harassment against Plaintiff.

29. On December 4, 2018, Plaintiff obtained judgment from the Small Claims Court.

30. On December 7, 2018, Defendant utilized a debt collector with the name Diversified Consultants Inc. to issue a dunning letter falsely purporting that Plaintiff owes $176.11 plus $31.69 in interest in the total amount of $207.80.

31. Plaintiff duly disputed the false debt with Diversified Consultants Inc.

32. On March 1, 2019, Defendant utilized a debt collector with the name Dynamic Recovery Solutions to issue a dunning letter to Plaintiff falsely purporting that Plaintiff owes $341.83 and this time the name of the "current creditor" was Jefferson Capital Systems LLC.

33. Plaintiff duly disputed the false debt with Dynamic Consultants.

34. On March 15, 2019, Jefferson Capital Systems LLC wrote a letter to Plaintiff honoring the dispute made to Dynamic Consultants and confirming that it will cease collection and will not report the tradeline to Plaintiff's credit report.

35. On June 14, 2019, Defendant utilized a debt collector with the name Convergent Outsourcing Inc. to issue a dunning letter to Plaintiff falsely purporting that Plaintiff owes $176.11 plus $31.69 in interest in the total amount of $207.80.

36. Plaintiff duly disputed the false debt with Convergent Outsourcing Inc.

37. Defendant has a habit of alternating debt collectors after a debt is marked as disputed to harass the consumer and illegitimately force the consumer to either repeat the dispute process,

give up on the dispute, or extort payment for the disputed debt.

38. Despite having three debt collectors return the tradeline to Defendant as an illegal collection, Defendant continues harassing Plaintiff with a false and negative tradeline on Plaintiff's credit report.

39. Furthermore, this harassment by Defendant is by design to use a "recovery" team to dun consumers with malicious charges as a "termination fee" in retaliation for leaving Defendant to another utility provider. The malicious charge offs imposed by Defendant against consumers is by design even when the debt cannot be substantiated.

40. Defendant abuses the credit report system knowing that consumers have a limited recourse, given that Congress has enacted the Fair Credit Reporting Act to foreclose otherwise valid causes of action under state law in favor of correct reporting. As a direct result, Plaintiff was unable to pursue the Small Claims Court to enjoin Defendant from further harassing Plaintiff.

41. It is upon this history of abuse, Defendant willfully tarnished Plaintiff's credit report—despite that the Small Claims Court has rejected Defendant's claim—that punitive damages are warranted.

42. As a direct result, each separate time that Defendant reported the false debt on Plaintiff's credit report from December 4, 2018 onwards constitute a separate willful violation of the Plaintiff's rights.

43. There is no other adequate remedy at law to deter Defendant's habit of extorting consumers through reporting false charges to the credit bureaus.

44. Plaintiff duly demands punitive damages compounded by each separate negative report on Plaintiff's credit report.

## Conclusion

45. Wherefore plaintiff demands judgment in compensatory damages, damages afforded by law, punitive damages, and costs with legal fees.

Respectfully yours

plaintiff Yehuda Herskovic,

Telephone number **347-731-8818**

11/29/2021