AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0016-5580

Yehuda Herskovic, Claimant
-vs-
Verizon Wireless, Respondent

## AWARD OF ARBITRATOR

     I, Michael D. Blechman, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, Yehuda Herskovic, Claimant appearing Pro Se and Verizon Wireless represented by Lisa Lawrence-Hughes of Yu Mohandesi LLP at an evidentiary hearing held on June 9, 2022, do hereby, AWARD, as follows:

     This case involves a purported termination charge of $176.11 which Respondent engaged various debt collection companies to collect from Claimant and which it reported as a past due debt to various credit bureaus. Claimant claims that, as a result, his applications for several credit cards were denied, causing him financial harm, and that he suffered emotional and psychological injury.

     While the contract between the parties did provide for a fee for "early termination," the evidence showed that Claimant brought an action in small claims court in which he recovered $698.00, which appears to have been in effect a refund for "defective services rendered." Under those circumstances, I find that no fee for "early termination" should have been due.

     While Respondent claims not to have had notice of the small claims court case, it paid the judgment and did not seek to reopen the case. In addition, Respondent stated that it was not asserting a counterclaim for the termination fee in this arbitration. For all of those reasons, I find that Respondent has no claim against Claimant for the purported termination fee.

     Accordingly, Respondent is hereby ordered to refrain from taking any steps to collect the aforesaid termination fee from Claimant, including retaining any debt collection agencies for such purpose, and from reporting to any credit reporting agencies or similar organizations that Claimant is in default or past due on any obligation because of his refusal to pay such putative termination fee. In addition, Respondent shall take all steps reasonably necessary to correct any current negative credit report on Claimant based on Respondent's prior reporting that Claimant was in default or past due because of his refusal to pay the aforesaid termination fee.

     On the other hand, Claimant has failed to establish any compensable money damages resulting from Respondent's actions. In particular Claimant's evidence was insufficient to prove that the denial of his applications for three credit cards was due to Respondent's reporting of his failure to pay the termination fee. I further find that none of his proffered theories in support of a damage claim have merit. Therefore Claimant's claim for money damages is denied.

The administrative fees of the American Arbitration Association (AAA) totaling $2,400.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500 shall be borne as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

<div style="display: flex; justify-content: space-between;">

__6/30/22__
Date

_Michael D. Blechman_
Michael D. Blechman, Arbitrator

</div>