Case No.: 1-19-cv-03372-AMD-RML



Date December 1, 2022
Hon. Hector Gonzalez
United States District Court
Eastern District of New York



Dear Judge Gonzalez,

I the plaintiff submit the following as an opposition to "Defendant's Request to Disregard Plaintiff's Unauthorized Reply Brief" (ECF 77).

Ordinarily, a party who filed a motion is entitled to file a reply to the opposition of the motion.

There are two separate motions before the Court. On September 29, 2022, Defendant filed a motion to confirm the arbitration award (ECF 72). On October 4, 2022, Plaintiff filed a motion to vacate the orders compelling arbitration and for alternative relief (ECF 73). Plaintiff's motion is a standalone motion and was not filed nor contemplated as a cross motion to Defendant's motion. Ordinary motion practice allows for filing a reply brief. Accordingly, each party is entitled to file a reply to any opposition to their respective motion.

Defendant's attempt to take the Order, entered October 7, 2022, and turn it on its head by disregarding this record to displace ordinary motion practice. The Court entered an order, "Absent any objection, Plaintiff's motion to vacate, ECF No.[73], serves as the opposition to Defendant's Motion to Confirm the Arbitration Award, ECF No. [72]. Accordingly, Defendant's reply, if any, is due by November 14, 2022."

The Court did not specify how, by whom and by when an "objection" ought to be. Rather, the Court's order affords the opportunity to have the Plaintiff's motion simultaneously serve a dual purpose, as a motion by itself and as an opposition. Nothing in the order displaced ordinary motion practice.

Rather than filing a separate opposition to Defendant's motion, on October 28, 2022, Plaintiff filed a supplemental briefing to address the standard for confirming an award, since Plaintiff's motion did not address that, so that the

Page 1

Plaintiff's motion also serving as an opposition may be complete. The supplemental briefing avoids directly objecting to the order and obviated the need to file a separate opposition to the motion to confirm.

On November 14, 2022, Defendant filed a "reply". Sections A through D of the argument is an opposition to the Plaintiff's motion, while Section E and F is a reply to Plaintiff's opposition of Defendant's motion.

On November 22, 2022, Plaintiff filed a reply in support of his motion, replying to Sections A through D of the Defendant's argument that are addressed as an opposition to the Plaintiff's motion. Plaintiff's reply does not address Section E and F of the Defendant's argument and specifically states that it does not do that but requests for leave to file a sur-reply. (ECF 76 ¶ 56). As such, Plaintiff's reply in support of his motion is not a "sur-reply."

Accordingly, Plaintiff was allowed to object. Plaintiff objects to have his motion be considered as a standalone opposition to Defendant's motion by filing a supplemental briefing to the Plaintiff's motion, so that together (Plaintiff's motion and supplemental briefing) serve as Plaintiff's opposition to Defendant's motion.

Likewise, because in reality, Plaintiff's motion to vacate by itself is not an opposition to Defendant's motion to confirm, Plaintiff was within his right to file a reply in support of his motion.

Defendant's treatment of the rules for thee and not for me, is a continuation of how Defendant treat its "Customer Agreement" by unilaterally imposing extraneous terms on the consumer without affording the consumer to opt out from them, and call that an "agreement". So is here, Defendant is seeking to impose extraneous terms on Plaintiff, (a) that Plaintiff's motion be considered as an opposition to Defendant's motion without any briefing against Defendant's motion, and (b) Defendant gets to file a reply in support of its motion while Plaintiff should not get to file a reply in support of Plaintiff's motion. Defendant's call for such disparate treatment is an unequal arrogation of due process. The Fourteenth Amendment's call for equal protection of the laws require rejecting the Defendant's desire to impose disparate treatment.

Respectfully submitted,

Yehuda Herskovic, yhm1234@yahoo.com, **347 731 8818**

11/30/2022