UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YEHUDA HERSKOVIC,

               Plaintiff,

v.

VERIZON WIRELESS,

               Defendant.

**MEMORANDUM & ORDER**
19-CV-03372 (HG) (RML)

**HECTOR GONZALEZ**, United States District Judge:

On March 26, 2019, *pro se* Plaintiff Yehuda Herskovic filed an action for wrongful debt collection practices against Defendant Verizon Wireless[1] in New York State Supreme Court, Kings County ("Kings County Supreme Court"). ECF No. 2-2. Defendant removed the case to this Court on the basis of federal question jurisdiction because Plaintiff's claims constituted alleged violations of the Fair Credit Reporting Act ("FCRA"). ECF No. 2. On March 6, 2020, the Court granted Defendant's motion to compel arbitration and the action was stayed pending the outcome of the arbitration. ECF No. 29.

Presently before the Court is: (i) Defendant's motion to confirm the arbitration award ("Award") ("Motion to Confirm") issued in favor of Plaintiff and conducted before Michael D. Blechman, an arbitrator from the American Arbitration Association ("AAA"), ECF No. 72, and (ii) Plaintiff's motion to vacate this Court's orders compelling arbitration, and to vacate or modify the Award ("Motion to Vacate"), ECF No. 73. For the reasons set forth below, the Court grants the Motion to Confirm and denies Plaintiff's Motion to Vacate.

---

[1] Defendant identifies itself as Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"). ECF No. 72-2 at 2.

## BACKGROUND

The Court assumes familiarity with the facts and history of this litigation and only provides a summary of the pertinent facts and procedural history. *See Herskovic v. Verizon Wireless*, No. 19-cv-3372, 2020 WL 1089601 (E.D.N.Y. Jan. 23, 2020), *report and recommendation adopted*, 2020 WL 1083716 (E.D.N.Y. Mar. 6, 2020). Plaintiff, a former Verizon Wireless customer, alleges that Defendant charged him a $176 early termination fee that it previously agreed to waive. ECF No. 73 at 3. On March 26, 2019, Plaintiff filed an action for wrongful debt collection practices in Kings County Supreme Court alleging that Defendant wrongfully engaged various debt collection companies to collect the termination fee from Plaintiff and as a result, his credit was affected and his applications for several credit cards were denied. Plaintiff further alleges Defendant's actions caused him financial, emotional, and psychological harm. *See generally* ECF No. 2-2 (Complaint). On June 6, 2019, Defendant removed the action to this Court. ECF No. 2. In July 2019, Defendant moved to compel arbitration pursuant to the arbitration clause in the customer agreement ("Customer Agreement") between the parties. ECF No. 2-2 at 3 (Complaint); *see also* ECF No. 13-5 (Customer Agreement). On March 6, 2020, the Court adopted the magistrate judge's report and recommendation, granted Defendant's motion to compel arbitration, and stayed the action pending the outcome of the arbitration. ECF Nos. 25, 29.

After some delay and directives from the Court ordering Plaintiff to initiate arbitration, on September 12, 2021, Plaintiff filed his arbitration demand with AAA. ECF No. 72-1 at 1 (Lawrence Decl.). On December 15, 2021, the AAA appointed Michael D. Blechman as arbitrator ("Arbitrator"). *Id.* at 2; ECF No. 72-4 (AAA Appointment Letter). On February 2, 2022, the Arbitrator held a preliminary hearing at which Plaintiff challenged the Arbitrator's jurisdiction to hear the case. ECF No. 72-1 at 2; ECF No. 72-5 (Report of Preliminary Management Hearing and

Scheduling Order). On March 15, 2022, after considering briefing from both parties, the Arbitrator ruled that he had jurisdiction to arbitrate the case. ECF No. 72-1 at 2.

On June 9, 2022, the Arbitrator held an evidentiary hearing regarding Plaintiff's arbitration demand. *Id.* On June 30, 2022, the Arbitrator concluded that Plaintiff did not owe Defendant the termination fee, and issued an Award in favor of Plaintiff. The Arbitrator ordered Defendant to "refrain from taking steps to collect . . . the termination fee from [Plaintiff], including retaining any debt collection agencies for such purpose, and from reporting to any credit reporting agencies . . . that [Plaintiff] is in default." ECF No. 72-6 at 1. The Arbitrator specifically found that although the Customer Agreement provided for an early termination fee, the evidence showed that Plaintiff "brought an action in small claims court in which he recovered $698.00," and Defendant paid the judgment and did not seek to reopen that case. *Id.*[2] The Arbitrator therefore concluded that Defendant has no claim against Plaintiff for the termination fee and all collection efforts should cease. *Id.* The Arbitrator furthered ordered Defendant to "take all steps reasonably necessary to correct any current negative credit report on [Plaintiff]." *Id.*

However, the Arbitrator found that Plaintiff "failed to establish any compensable damages resulting from [Defendant's] actions." *Id*. In concluding that Plaintiff should not be awarded damages, the Arbitrator found that: (i) Plaintiff provided insufficient evidence to prove that "the denial of his applications for three credit cards was due to [Defendant's] reporting of his failure to pay the termination fee," and (ii) "none of [Plaintiff's] proffered theories in support of a damage claim have merit." *Id.*

---

[2] In February 2018, prior to commencing the instant action for wrongful debt collection, Plaintiff sued Defendant in small claims court in Kings County, New York, and was awarded a judgment of $698. Defendant paid the judgment. *See* ECF No. 72-6 at 1.

On September 29, 2022, Defendant filed its Motion to Confirm. ECF No. 72. On September 30, Plaintiff filed his Motion to Vacate and shortly thereafter filed his opposition to Defendant's motion. ECF Nos. 73, 74. Defendant filed a reply on November 14, 2022. ECF No. 75. Plaintiff filed a supplemental reply in support of his Motion to Vacate on November 22, 2022. ECF No. 76.[3]

## **LEGAL STANDARD**

"Arbitration awards are not self-enforcing . . . they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14-cv-8420, 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015).[4] "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *see also* 9. U.S.C. § 9. Review of an arbitral award "is severely limited so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. Indeed, an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a 'barely colorable justification for the outcome reached.'" *Schusterman v. Mazzone*, No. 19-cv-212, 2019 WL 2547142, at *3 (S.D.N.Y. June 19, 2019) (citing *Landy*

---

[3] Defendant requests that the Court disregard Plaintiff's "unauthorized" reply brief in support of his Motion to Vacate because Plaintiff did not seek leave from the Court to file the Motion to Vacate. *See* ECF No. 77. In light of the "special solicitude" afforded to *pro se* parties, the Court considered all of Plaintiff's filings, including both the Motion to Vacate and the supplemental reply, ECF Nos. 73, 76. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (finding that courts are "ordinarily obligated to afford a special solicitude to *pro se* litigants").

[4] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

4

*Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)).

"A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair & Co.*, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."). Pursuant to 9 U.S.C. § 10(a), an arbitral award may be vacated under only four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

## **DISCUSSION**

Plaintiff argues that the Award should be vacated for four reasons: (i) the underlying controversy arises from a judgment not a contract because the "disputed debt merged with the judgment of the Small Claims court," and as a result the Court should vacate the orders compelling arbitration pursuant to Rule 60(b); (ii) the Court lacks subject matter jurisdiction because Plaintiff lacks Article III standing; (iii) the Arbitrator exceeded its power in determining that Plaintiff is not entitled to damages; and (iv) the Customer Agreement should be declared "null and void" because it insulates Defendant from liability. ECF No. 73. Defendant contends that: (i) there is no basis for the Court to vacate its prior orders compelling arbitration under Rule 60(b); (ii) the Court has subject matter jurisdiction because Plaintiff asserted money damages in his complaint; (iii) the Arbitrator had authority to award damages; and (iv) the Arbitrator did not rule on the limitation of

5

liability provisions in the Customer Agreement and any objection regarding the agreement's provisions is now moot. ECF No. 75. The Court addresses each of these arguments in turn.

## I. The Court Will Not Vacate Prior Orders to Compel Arbitration

Rule 60(b) provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for a number of reasons including when "any . . . reason justifies relief." Fed. R. Civ. P. 60(b). Plaintiff argues that the Court's previous orders compelling arbitration, *see* ECF Nos. 25, 29, must be vacated because "the controversy arises from a post judgment" and as a result, "the Court did not have . . . the jurisdiction to compel arbitration, since the Customer Agreement . . . had merged with the judgment." ECF No. 73 at 13. Plaintiff seemingly argues that because the Arbitrator considered Plaintiff's small claims court action (and the subsequent judgment) *as evidence* in determining damages, the Court should find that the underlying dispute no longer concerns a contract (the Customer Agreement), but rather arises from the judgment he received in small claims court. *Id.* ("The holding of the arbitrator delegitimizes the legal posture of the orders compelling arbitration."). The Court disagrees.

First, the Court's orders compelling arbitration are interlocutory orders not "final judgment[s]" and thus Rule 60(b) is inapplicable. *See Golub v. Kidder, Peabody & Co., Inc.*, No. 89-cv-5903, 1991 WL 233259, at * 1 (S.D.N.Y. Oct. 21, 1991) ("Rule 60(b) . . . affords relief only in respect of a final judgment, order, or proceeding . . . . [A]n order compelling arbitration and staying proceedings pending arbitration is an interlocutory order that is not immediately appealable . . . ."). The Arbitrator's consideration of the outcome of Plaintiff's small claims court action as evidence in determining damages does not transform the underlying action into an appeal of a state judgment or "merge with the [small claims court] judgment." ECF No. 73 at 13. The fact remains that Plaintiff filed the instant action arguing that Defendant wrongfully engaged various

debt collection companies to collect the termination fee pursuant to the parties' Customer Agreement. ECF No. 2-2 (Complaint). The orders compelling arbitration were decided on the basis of the instant action and, accordingly, are interlocutory orders—their posture has not changed because of the Arbitrator's determination.

Second, even if Rule 60(b) applied here—which it does not—the Court finds that there is no basis to vacate the Court's orders compelling arbitration. "Although a Rule 60(b) motion should be broadly construed to do substantial justice . . . final judgments should not be lightly reopened. Therefore, relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of *exceptional* circumstances." *Nicosia v. Amazon.com, Inc.*, No. 14-cv-4513, 2021 WL 4480487, at *1 (E.D.N.Y. Sept. 30, 2021), *affirmed* 2023 WL 309545 (2d Cir. Jan. 19, 2023). Two separate judges in this District as well as the Arbitrator considered whether arbitration was appropriate: (i) in recommending that Defendant's motion to compel arbitration be granted, the magistrate judge considered Defendant's briefs and their accompanying exhibits and held two conferences with the parties, ECF No. 25; (ii) the district judge reviewed Plaintiff's objections to the magistrate judge's report and recommendation *de novo*, and separately determined that Defendant's motion to compel arbitration should be granted, ECF No. 29; and (iii) the Arbitrator held a preliminary hearing and considered both parties' briefing on the issue of arbitrability and determined that he had jurisdiction to arbitrate the case, ECF No. 72-1 at 2. Accordingly, the Court finds that Plaintiff has not met his burden of showing "exceptional circumstances" requiring reconsideration of the issue of arbitrability. *Nicosia*, 2021 WL 4480487, at *1; *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (holding that motion for reconsideration "is not a vehicle for relitigating old issues or otherwise taking a second bite at the apple").

In sum, the Court will not vacate the Court's orders compelling arbitration and thus, will not vacate the Award on this basis.

## II. This Court Has Subject Matter Jurisdiction Over the Instant Action

Plaintiff argues that the Court lacks subject matter jurisdiction because: (i) the *Rooker-Feldman* abstention doctrine bars review of the small claims court judgment, ECF No. 73 at 17, and (ii) there no longer is any Article III standing because the Arbitrator found that Plaintiff "failed to establish any compensable money damages resulting from [Defendant's] actions," ECF No. 73 at 18. The Court finds Plaintiff's arguments to be unpersuasive.

The *Rooker-Feldman* abstention doctrine recognizes that Congress did "not authorize district courts to exercise appellate jurisdiction over state-court judgments" when it defined the district courts' original subject matter jurisdiction in 28 U.S.C. § 1331. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). In other words, federal courts lack the subject matter jurisdiction to review an appeal of a state court decision. *See Abiuso v. Donahoe*, No. 12-cv-1713, 2014 WL 1330641, *7 (E.D.N.Y. Mar. 31, 2014). As discussed previously, *see supra* section I, the instant action concerns Defendant's attempt to collect the termination fee pursuant to the Customer Agreement—it is not a review of the judgment Plaintiff obtained in small claims court. Accordingly, the *Rooker-Feldman* doctrine does not apply here.

Next, with respect to standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). In his complaint, Plaintiff alleges that he is owed damages in the amount of $30,000 because of Defendant's alleged wrongful debt collection and its effect on his credit report. ECF No. 2-2 at 6–7. Defendant articulated a "concrete" harm, alleged that he

suffered financial, emotional and psychological harm as a result of Defendant's actions, and argued that he is entitled to money damages. The Arbitrator's determination that Plaintiff "failed to establish any compensable money damages," ECF No. 72-6 at 1, does not strip Plaintiff of standing. In other words, Plaintiff cannot now argue that he has not suffered a concrete injury because he is unhappy with the outcome of the arbitration. Accordingly, the Court has subject matter jurisdiction over the instant action.

### III. The Arbitrator Did Not Exceed His Power in Determining That Plaintiff Is Not Entitled to Damages

Plaintiff argues that the Award should be vacated pursuant to 9 U.S.C. §§ 10(a)(4) and 11(b) because the Arbitrator exceeded his power in determining that Plaintiff was not entitled to compensatory or punitive damages. Plaintiff contends that: (i) the Customer Agreement contains language limiting liability for damages, *see* ECF No. 73 at 21–22, and therefore the Arbitrator exceeded his authority in deciding damages; and (ii) the action arises from a "post-judgment injury" and, as a result, should not have been sent to arbitration.

Review of an arbitral award is generally "severely limited." *Schusterman*, 2019 WL 2547142, at *3. Pursuant to 9 U.S.C. § 10(a)(4), an arbitral award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." "An arbitrator exceeds her authority under Section 10(a)(4) *only if* she (1) considers issues beyond those the parties have submitted for her consideration, or (2) reaches issues clearly prohibited by law or by the terms of the parties' agreement." *Kellner v. Amazon*, No. 20-cv-6322, 2022 WL 1085418, at *3 (E.D.N.Y. Mar. 1, 2022) (emphasis added); *see also Anthony v. Affiliated Comput. Servs., Inc.*, 621 Fed. App'x 49, 50–51 (2d Cir. 2015) (finding that Second Circuit has "consistently accorded the narrowest of readings" to motions for vacatur relying on 9 U.S.C. § 10(a)(4)). 9 U.S.C. § 11(b) permits courts to

9

"modify and correct" an arbitration award "where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). However, "[a] court may not modify an arbitration award simply because it believes the arbitrator incorrectly interpreted a contract." *Kellner*, 2022 WL 1085418, at *3.

Here, the Customer Agreement explicitly provides that the Arbitrator is entitled to determine damages:

> YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT. THERE'S NO JUDGE OR JURY IN ARBITRATION, AND THE PROCEDURES MAY BE DIFFERENT, **BUT AN ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD.**

ECF No. 13-5 at 4 (Customer Agreement) (emphasis added). Pursuant to the terms of the Customer Agreement, the Arbitrator is well within his authority to decide to award—or not to award—damages. Plaintiff argues that the Customer Agreement provides that, "NO . . . PRIVATE ATTORNEY GENERAL THEORIES OF LIABILITY OR PRAYERS FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT," and therefore the Arbitrator exceeded his authority. ECF No. 73 at 21–22 (Motion to Vacate); ECF No. 13-5 at 4 (Customer Agreement). Plaintiff quotes a section from the Customer Agreement pertaining to class or collective arbitrations which is inapplicable to the current action. In context, the full text reads,

> THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD. . . . NO CLASS OR REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL THEORIES OF LIABILITY OR PRAYERS FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT.

ECF No. 13-5 at 4 (Customer Agreement). Accordingly, the Court finds that the Arbitrator

had the power, based on the Customer Agreement, to determine damages and therefore, did not exceed his authority. *See Transport Workers Union of Am., Loc. 252, AFL-CIO v. Transdev Servs., Inc.*, No. 16-cv-4492, 2020 WL 9421158, at *5 (E.D.N.Y. Sept. 29, 2020) ("[T]he focus of our inquiry in challenges to an arbitration award under section 10(a)(4) is whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."). Finally, as discussed previously, *see supra* sections I and II, the Court finds that the instant action is not a review or appeal of the judgment Plaintiff obtained in small claims court. In sum, the Court does not find any basis to vacate the Award.

### IV. Plaintiff's Objection to the Limitation of Liability Provisions of the Customer Agreement Are Not Grounds for Vacatur of the Award

Plaintiff argues that the Customer Agreement's limitation of liability provisions, which "insulate" Defendant from liability are not enforceable, should be declared "null and void," and that therefore, the Award should be vacated pursuant to 9 U.S.C. § 10(a)(4) and 11(b). ECF No. 73 at 24–29. The Court disagrees and does not find Plaintiff's objection to the limitation of liability provisions of the Customer Agreement to warrant vacatur of the Award. "[A]n arbitration award should be enforced . . . if there is a barely colorable justification for the outcome reached." *Schusterman*, 2019 WL 2547142, at *3; *see also Anthony*, 621 Fed. App'x at 52 ("Under § 10(a)(4), we do not consider whether the arbitrators correctly decided the issue."). The Court's view on whether the limitation of liability provisions in the Customer Agreement are objectionable is immaterial: the Arbitrator provided support for his grant of an Award in Plaintiff's favor, and his decision that damages were unwarranted. *See* ECF No. 72-6 at 1 (describing why Plaintiff did not owe Defendant the termination fee, and why Plaintiff provided insufficient evidence to prove that he was entitled to damages). The Court's role is to determine whether the Arbitrator had the

authority to "reach a certain issue, not whether the arbitrators correctly decided that issue." *Transport Workers Union*, 2020 WL 9421158, at *5. Accordingly, Plaintiff's arguments fall short, and the Court denies Plaintiff's Motion to Vacate.

\* \* \*

"[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc.*, 462 F.3d at 110. For all of the reasons set forth above, and in light of the denial of Plaintiff's Motion to Vacate, the Court confirms the Award.

## CONCLUSION

The Court has considered all of Plaintiff's arguments and concludes that they are without merit. For the foregoing reasons, Defendant's Motion to Confirm the Award is GRANTED and Plaintiff's Motion to Vacate is DENIED. The Clerk of Court is respectfully directed to confirm the Award, enter judgment and close the case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 3, 2023